944 P.2d 117

**STATE of Idaho, ex rel., INDUSTRIAL COMMISSION, Plaintiff–Appellant,**

v.

**INDIAN COUNTRY ENTERPRISES, INC., an Idaho corporation, and Paul Matheson, an individual, Defendants–Respondents.**

No. 23043.

Supreme Court of Idaho.

Boise, May 1997 Term.

July 8, 1997.

Alan G. Lance, Attorney General; A. René Martin, Deputy Attorney General, Boise, for Plaintiff–Appellant.

Fred W. Gabourie Jr., Post Falls; Robert E. Kovacevich, Spokane, Washington, for Defendants–Respondents.

JOHNSON, Justice.

This is a case in which the State of Idaho through the Industrial Commission (Commission) seeks to require an employer to secure the payment of workers' compensation. We conclude that pursuant to 40 U.S.C. § 290 Idaho state courts have jurisdiction to enforce Idaho's workers' compensation laws against a member of the Coeur d'Alene Indi-an Tribe (the tribe) operating a business on the Coeur d'Alene Indian Reservation (the reservation).

## I.

## THE BACKGROUND AND PRIOR PROCEEDINGS

Indian Country Enterprises, Inc. (Indian Country) is a store which sells grocery and sundry items within the reservation. Paul M. Matheson (Matheson) is a member of the tribe. Indian Country is not owned by the tribe. Matheson is president, owner and director of Indian Country.

I.C. § 72–319(5) provides that the district court may enjoin any employer who is required to but fails to secure the payment of workers' compensation from carrying on business until the employer complies. The district court also has the jurisdiction to assess statutory penalties. I.C. § 72–319(4).

The Commission sued Matheson and Indian Country, pursuant to I.C. § 72–319, seeking to enjoin them from doing business and for statutory penalties. The Commission alleged that Matheson was conducting business with employees, but had not provided workers' compensation insurance or obtained approval to operate as a self-insured employer.

After the Commission initiated this suit, Matheson voluntarily elected to obtain workers' compensation coverage and filed a motion to dismiss alleging lack of subject matter jurisdiction. The trial court dismissed the suit ruling: "While the state appears to have the authority to enforce compliance by a non-tribally owned employer operating on the Coeur d'Alene Tribal reservation pursuant to the workers' compensation laws of Idaho, this Court does not have subject matter jurisdiction. . . ."

The Commission appealed.

## II.

## IDAHO STATE COURTS HAVE JURISDICTION TO ENFORCE IDAHO'S WORKERS' COMPENSATION LAWS AGAINST A TRIBAL MEMBER OPERATING A BUSINESS ON THE RESERVATION.

The Commission asserts that Idaho state courts have jurisdiction over an action

brought pursuant to I.C. § 72–319(4) and (5) to enforce Idaho's workers' compensation laws against a tribal member operating a business on the reservation. We agree.

Congress has plenary authority to legislate for the Indian tribes in all matters. *United States v. Wheeler*, 435 U.S. 313, 319, 98 S.Ct. 1079, 1083–84, 55 L.Ed.2d 303 (1978). In 1936, Congress enacted 40 U.S.C. § 290 which extended the authority of states to apply workers' compensation laws to lands owned or held by the United States.

That statute provides:

> Whatsoever constituted authority of each of the several States is charged with the enforcement of and requiring compliances with the State workmen's compensation laws of said States and with the enforcement of and requiring compliance with the orders, decisions, and awards of said constituted authority of said States **shall have the power and authority to apply such laws to all lands and premises owned or held by the United States of America by deed or act of cession, by purchase or otherwise, which is within the exterior boundaries of any State,** and to all projects, buildings, constructions, improvements, and property belonging to the United States of America, which is within the exterior boundaries of any State, **in the same way and to the same extent as if said premises were under the exclusive jurisdiction of the State within whose exterior boundaries such place may be.**
>
> For the purposes set out in this section, the United States of America vests in the several States within whose exterior boundaries such place may be, insofar as the enforcement of State workmen's compensation laws are affected, the right, power, and authority aforesaid: *Provided, however,* That by the passage of this section the United States of America in nowise relinquishes its jurisdiction for any purpose over the property named, with the exception of extending to the several States within whose exterior boundaries such place may be only the powers above enumerated relating to the enforcement of their State workmen's compensation laws as herein designated: *Provided further,* That nothing in this section shall be construed to modify or amend subchapter I of chapter 81 of Title 5.

40 U.S.C. § 290 (emphasis added).

Pursuant to 40 U.S.C. § 290, Idaho's workers' compensation laws apply on land "owned or held by the United States of America by deed or act of cession, by purchase or otherwise." The right which Indians hold in reservation land is that of occupancy, the fee and right of disposition remains in the United States government. *Northwestern Bands of Shoshone Indians v. United States,* 324 U.S. 335, 338, 65 S.Ct. 690, 692, 89 L.Ed. 985 (1945); *Shoshone Tribe v. United States,* 299 U.S. 476, 496, 57 S.Ct. 244, 251, 81 L.Ed. 360 (1937). Therefore, the reservation is land "owned or held by the United States" and, under 40 U.S.C. § 290, Idaho's workers' compensation laws apply on the reservation.

Pursuant to 40 U.S.C. § 290, the Commission is empowered to enforce Idaho's workers' compensation laws "in the same way and to the same extent as if said premises were under the exclusive jurisdiction of the State within whose exterior boundaries such place may be." Because I.C. § 72–319(4) and (5) allows the Commission to bring an action in district court and 40 U.S.C. § 290 allows the Commission to enforce Idaho's workers' compensation laws in the "same way and to the same extent" as if the reservation was within the boundaries of the state, the trial court had subject matter jurisdiction and erred in dismissing the case.

### III.

### CONCLUSION

We vacate the trial court's dismissal of the Commission's suit and remand the case for further proceedings consistent with this opinion.

We award costs to the Commission.

TROUT, C.J., and McDEVITT, SILAK and SCHROEDER, JJ., concur.