947 P.2d 400

In re SRBA, Case Nos. 39576, 91–00010 ex rel. Partial Forfeiture Re Basin–Wide Issue 10, Entered 4–26–96.

The STATE of Idaho, United States of America, Idaho Ground Water Appropriators, Inc., Chemical Lime Company of Arizona and North Snake Ground Water District, Appellants,

v.

HAGERMAN WATER RIGHT OWNERS, INC., Bogus Basin Recreational Association, Inc., Lake Reservoir Co., Newfoundland Partners, Payette River Water Users Association, Inc., Sinclair Oil Corporation, d/b/a Sun Valley Co., Thompson Creek Mining Co. and Thousand Springs Ranch, Respondents,

and

Nampa and Meridian Irrigation District, Allen Noble Farms, Inc., Allen Noble Farm Development Corporation, Rim View Trout Company, Clear Lakes Trout Company, Inc., Rainbow Trout Farm, C.H. Nicholson, Sailor Creek Water Company, Patrick G. Morris, Hulet Farm Management Company and Grindstone Butte Mutual Canal Company, Respondents–Intervenors.

No. 23214.

Supreme Court of Idaho, Boise, February 1997 Term.

Sept. 10, 1997.

Alan G. Lance, Attorney General; Cheri C. Copsey, Deputy Attorney General (argued), Boise, for appellant State of Idaho.

Betty H. Richardson, U.S. Attorney, Boise; William B. Lazarus (argued), Department of Justice, Washington, D.C., for appellant United States of America.

Givens, Pursley & Huntley, Boise, for appellants Idaho Ground Water Appropriators, Inc., and Chemical Lime Company of Arizona. Jeffrey C. Fereday argued.

Beeman & Hofstetter, P.C., Boise, for appellant North Snake Ground Water District. Dana L. Hofstetter argued.

Hepworth, Lezamiz & Hohnhorst, Twin Falls, for respondent Hagerman Water Right Owners, Inc. John C. Hohnhorst argued.

Elam, Burke, P.A., Boise, for respondents Bogus Basin Recreational Assoc., et al. Jeffery C. Ventrella argued.

Ringert Clark, Chtd., Boise, for Intervenors Nampa and Meridian Irrigation District, et al. Daniel V. Steenson argued.

SCHROEDER, Justice.

## I.

### FACTS AND PRIOR PROCEEDINGS

This case arises from the general adjudication of water rights in the Snake River water basin, commenced in 1987 pursuant to the Idaho Legislature's enactment of legislation in 1985 and 1986 requiring the Director ("Director") of the Idaho Department of Water Resources ("IDWR") to initiate a judicial proceeding to accomplish the adjudication within the terms of the McCarran Amendment. 43 U.S.C. § 666. On June 17, 1987, the Director filed a petition in the district court on behalf of the State, naming the United States and other water users of the

Snake River water basin as defendants and seeking an order from the court commencing a general stream adjudication. The Snake River Basin Adjudication ("SRBA") was commenced by order dated November 19, 1987. *In re Snake River Basin Water System,* 115 Idaho 1, 764 P.2d 78 (1988), *cert. denied,* 490 U.S. 1005, 109 S.Ct. 1639, 104 L.Ed.2d 155 (1989).

In the course of conducting the SRBA, specialized rules of procedure have been developed. *See* SRBA Administrative Order 1, amended 9/30/96 ("SRBA AO1"). These rules of procedure allow "[a]ny party to the adjudication [to] file a *Motion to Designate Basin–Wide Issue* if that party believes an issue materially affects a large number of parties to the adjudication." SRBA AO1, 17.a.(1).

The Hagerman Water Rights Owners, Inc. ("HWRO") filed a motion to designate Basin Wide Issue Number 10 ("BW10") for a determination of whether Idaho's forfeiture statute contemplates partial forfeiture of a water right for non-use. On January 20, 1996, the district court designated BW10 as follows: **Are water rights in Idaho subject to partial forfeiture for nonuse?**

On April 26, 1996, the district court issued a decision holding, as a matter of law, that water rights in Idaho are not subject to partial forfeiture for non-use. The SRBA court determined that the issue is one of first impression to be resolved by construing Idaho's forfeiture statute, I.C. § 42–222(2). That section provides in relevant part:

> *All* rights to the use of water acquired under this chapter or otherwise shall be lost and forfeited by a failure for the term of five (5) years to apply it to the beneficial use for which it was appropriated . . . .

I.C. § 42–222(2) (1996) (emphasis added).

The district court focused on the word "all" in this section and reasoned that the plain and ordinary meaning of this provision is that "partial forfeiture is not provided for in this statute." The State of Idaho, the Chemical Lime Company of Arizona and Idaho Ground Water Appropriators, Inc., and North Snake Ground Water District, together with the United States ("appellants") filed a motion for reconsideration, or in the alternative, permission to take an interlocutory appeal pursuant to I.R.C.P. 11(e). HWRO, together with the other respondents, opposed the motion for reconsideration. The district court denied the motion for reconsideration and granted the motion for interlocutory appeal. This Court granted interlocutory appeal on August 5, 1996.

In addition to the primary issue on appeal, HWRO cross-appeals for an award of costs and attorney fees pursuant to I.C. § 12–121 and the private attorney general doctrine.

## II.

## THE ISSUE OF WHETHER I.C. § 42–222(2) PERMITS PARTIAL FORFEITURE OF WATER RIGHTS HAS NOT BEEN RAISED PREVIOUSLY AS AN ISSUE ON APPEAL TO THIS COURT.

The appellants maintain that case law establishes this Court's recognition of statutory partial forfeiture. However, the question of whether part of a water right may be forfeited pursuant to I.C. § 42–222(2) has not been raised directly as the issue on appeal to this Court, although the subject has been discussed by this Court in determining the issues that have been raised. The parties cite to several of these cases which are taken up below.

■ In *Albrethsen v. Wood River Land Co.,* 40 Idaho 49, 231 P. 418 (1924), Albrethsen brought an action to have a portion of the respondent Wood River Land Company's water right declared forfeited.[1] The respon-

---

1. The statute in effect at the time *Albrethsen* was decided used the term "abandonment" not forfeiture. That statute provided:

    All rights to the use of water acquired under this chapter or otherwise shall be lost and abandoned by a failure for the term of five years to apply it to the beneficial use for which

it was appropriated, and when any right to the use of water shall be lost through nonuse or abandonment such rights to such water shall revert to the state and be again subject to appropriation under this chapter . . . .

*Albrethsen,* 40 Idaho at 59, 231 P. at 421 (quoting C.S. § 5582 (1919)).

dent, Wood River, was the predecessor in interest to Riley who was decreed 5,595 inches of water out of the Big Wood River, with a priority date of March 24, 1883, for use upon lands described in a decree entered in *Frost et al. v. Alturas Water Co.* (December 13, 1909). Albrethsen claimed that the evidence established that some 2,100 inches of the water right were not put to beneficial use between 1910 and 1914 and were allowed to flow back into the Wood River. Albrethsen and other farmers owning land in the Wood River Valley claimed that 3,850 inches of Wood River's water right were subject to reapplication by the watermaster. Albrethsen presented witnesses and evidence that Wood River's canal could not carry in excess of 3,850 inches. On rehearing, the Court concluded:

> We are of opinion that this statute intends that a right to the use of water, although based upon a decree of a court, may be lost by abandonment, unless it thereafter be beneficially used, and that in any action to obtain a decree and to determine the question of abandonment or forfeiture evidence is admissible which shows or tends to show that after the water had been decreed it had not been put to a beneficial use, but had been abandoned for the statutory period, after the entry of such decree.

> One of the most conclusive methods of showing that an amount of water decreed to a particular system has not been beneficially used is to show that the canal or other diverting works through which the appropriation must be diverted ... does not have the required carrying capacity to divert and distribute the full amount of the

appropriation and carry the same to the point of intended use.

40 Idaho at 59–60, 231 P. at 421–22.

The issue before the Court in *Albrethsen* was limited to "the single assignment that the evidence is insufficient to sustain the findings of fact and conclusions of law and judgment entered thereon." 40 Idaho at 52, 231 P. at 419. *Albrethsen* involved resolution of the factual inquiry of whether the canal in question could have ever delivered the quantity of water decreed, not whether the forfeiture statute provided for partial forfeiture. Nonetheless, the result was that a decreed water right was reduced by the amount of water that had not been applied to a beneficial use. Partial forfeiture, as a remedy, was assumed.

In *Graham v. Leek*, 65 Idaho 279, 144 P.2d 475 (1943), the appellant/defendant owned 160 acres, referred to as the Lenman Tract. Appellant was decreed 3.2 cfs of water from Three Mile Creek in the case of *Frost et al. v. Alturas Water Co.* (December 13, 1909) with a priority date of April 1, 1907. Respondent/plaintiff alleged that he began to divert and apply this water by adverse possession in March of 1916. It was respondent's theory that the appellant had abandoned the use of the water. The district court held for the respondent and, with respect to abandonment, found that the Lenman Tract was dry farmed, that no attempt had ever been made to use any part of the water with one exception, and that use of the water was abandoned upon the Lenman Tract. While acknowledging that there was evidence in the record to support the findings that the Lenman Tract had never been irrigated, the appellant nonetheless claimed error. In this case, the Court addressed only whether the findings were supported by com-

---

The Legislature repealed a later version of this statute which also described loss of a water right in terms of "abandonment" and reenacted the statute using "forfeiture" language. Act of May 26, 1969, ch. 303, § 2, 1969 Idaho Sess. Laws 906.

In the past, courts used the terms abandonment and forfeiture interchangeably. However, the two doctrines are separate and distinct. *Gilbert v. Smith*, 97 Idaho 735, 738, 552 P.2d 1220, 1223 (1976). Abandonment is a common law

doctrine involving intent to abandon and an actual surrender of the water right. *Id.* Forfeiture, on other hand, is predicated upon the statutory declaration that rights to water are lost where the appropriator fails to make beneficial use of the water for a continuous five year period. I.C. 42–222(2); *Gilbert*, 97 Idaho at 738, 552 P.2d at 1223; *Jenkins v. State Dept. of Water Resources*, 103 Idaho 384, 647 P.2d 1256 (1982); *Sears v. Berryman*, 101 Idaho 843, 847, 623 P.2d 455, 459 (1981). Resolution of this issue does not involve an inquiry into the law of abandonment.

petent, although conflicting evidence, in the record. *Graham*, 65 Idaho at 290–94, 144 P.2d at 481–83.

In *Olson v. Bedke*, 97 Idaho 825, 555 P.2d 156 (1976), lessors, the Olsons, brought an action to terminate a ten-year lease in part because the lessees allegedly failed to put to beneficial use "all decreed water on the ranch each year" and to "use and protect all existing water rights" which allegedly failed material terms of the lease. *Id.* at 827, 555 P.2d at 158. The "existing water rights" referred to included a decreed annual right to water from the Raft River and all of the waters of Rusty Spur Creek, which the lessor alleged was a private creek. The district court held that Olsons' claim regarding loss of water rights to the Raft River water was not well founded because the waters were distributed by a watermaster and therefore could not be lost. With respect to the Raft River water, the Court said:

> Assuming as the trial court did in granting the motion for summary judgment that respondents Bedke had failed to use the full decreed water rights of the Raft River appurtenant to this property as alleged in the complaint, the unused water rights could be forfeited by non-use prior to the end of the lease, to the substantial injury of the reversionary interest. I.C. § 42–222(2).

*Id.* at 829, 555 P.2d at 160.

In determining whether Bedke was entitled to judgment as a matter of law, the Court held that the district court's reasoning that water could not be lost if distributed by a watermaster was erroneous. The question of whether there could be a partial forfeiture under I.C. § 42–222(2) was not directly presented to the Court, but it is clear that the Court assumed there could be a partial forfeiture.

Similarly, in *Gilbert v. Smith*, 97 Idaho 735, 552 P.2d 1220 (1976), the Court's discussion was limited to its determination that statutory forfeiture had not been shown because "the record does not identify any measurable five year period of non-use which would have supported the trial court in making the requisite finding to establish a statutory forfeiture." *Id.* at 740, 552 P.2d at 1225.

In *Idaho Power Co. v. State*, 104 Idaho 575, 661 P.2d 741 (1983), the Court addressed the validity of subordination clauses in water licenses obtained by Idaho Power as a condition for obtaining FPC licenses to construct the Brownlee, Oxbow and Low Hells Canyon dams and the effect of these subordination clauses on Idaho Power's water rights at Swan Falls Dam. Among other theories, opponents of Idaho Power argued that it had lost its water rights at Swan Falls by forfeiture, abandonment, adverse possession, equitable estoppel and customary preference. This Court did not reach the issue of forfeiture. *Id.* at 588–89, 661 P.2d at 754–55.

In *Crow v. Carlson*, 107 Idaho 461, 690 P.2d 916 (1984), the plaintiffs/respondents argued that the defendants/appellants were not entitled to any part of 120 inches of water which was appropriated for the lands in two different parcels. In that case the Court said that for the plaintiffs to prevail, the defendants or their predecessor in interest "must have lost the [water] right in some other way, such as through adverse possession, prescriptive use, forfeiture, or abandonment," and found "no evidence in the record indicating that the right to use the water . . . has been lost, under the facts found by the trial judge." *Id.* at 466, 690 P.2d at 921. The narrow inquiry engaged in by the Court was whether the evidence in the record supported the trial court's findings, not whether partial forfeiture was contemplated by the language of I.C. § 42–222(2).

*Dovel v. Dobson*, 122 Idaho 59, 831 P.2d 527 (1992), in part dealt with the approval of the Director of the IDWR for the transfer of a water right in order to supply water for property not covered in an original water right. The water right covered three different fields, totaling ninety-six (96) acres. The third field was six (6) acres. Dobson objected to the transfer, arguing that approving the transfer would result in an enlargement because, he alleged, part of the water right had been forfeited for non-use. In approving the transfer, the Director concluded that the consumptive use appurtenant to the six-acre field had been forfeited through nonuse, but did not reduce the amount which had histori-

cally been diverted for the fields, concluding that the transfer would not change the amount of use authorized by the water right. Dovel sought review by the district court. The district court concluded that the Director's decision was not clearly erroneous or an abuse of discretion. This Court affirmed, acknowledging that "[i]t appears that Dovel's argument was that some or all of the water right had been lost due to forfeiture," but holding that the agency's determination was supported by substantial and competent evidence. *Id.* at 63, 831 P.2d at 531. The decision in *Dovel* was limited to an examination of the facts and did not determine the issue of whether partial forfeiture is recognized under I.C. § 42–222(2) as a matter of law.

In sum, the issue of whether a water right may be partially forfeited pursuant to I.C. § 42–222(2) has not been directly addressed by the Court, although that principle has been assumed on occasions by both the Court and the litigants.

### III.

### I.C. § 42–222(2) IS AMBIGUOUS.

It is established that a water right in Idaho, although affirmed by a court decree, may be abandoned and subject to subsequent appropriation. I.C. § 42–222(2); *Graham v. Leek*, 65 Idaho 279, 287, 144 P.2d 475, 479 (1943); *Albrethsen v. Wood River Land Co.*, 40 Idaho 49, 59, 231 P. 418, 421–22 (1924) (opinion on rehearing). The parties before this Court agree that the legislature intended I.C. § 42–222(2) to provide for total forfeiture when all of a water right has gone unused for the statutory period. The parties disagree as to whether I.C. § 42–222(2) contemplates partial forfeiture when part of the water right is unused for the statutory period.

In *Gilbert v. Smith*, the Court said that forfeiture of a water right is

predicated upon a statutory declaration that all rights to use water may be lost where an appropriator fails to make beneficial use of the water for a statutory period regardless of the intent of the appropriator. In Idaho this concept is set forth in

I.C. § 42–222(2). The effect of that provision is that an appropriator who fails to apply his water right to a beneficial use for a continuous five year period is regarded as having lost all rights to the use of such water.

97 Idaho at 738, 552 P.2d at 1223 (citations and footnote omitted).

Thus, in Idaho, forfeiture is a statutory concept well distinguished from the common law concept of abandonment. *Sears v. Berryman*, 101 Idaho 843, 847, 623 P.2d 455, 459 (1981); *Hidden Springs Trout Ranch, Inc. v. Hagerman Water Users, Inc.*, 101 Idaho 677, 681, 619 P.2d 1130, 1134 (1980); *Gilbert v. Smith*, 97 Idaho at 738, 552 P.2d at 1223; *see Jenkins v. State Dep't of Water Resources*, 103 Idaho 384, 389, 647 P.2d 1256, 1261 (1982). The question of whether I.C. § 42–222(2) provides for partial forfeiture of a water right turns on interpretation of a statute, which is a question of law over which the Court exercises free review. *City of Sun Valley v. Sun Valley Co.*, 128 Idaho 219, 221, 912 P.2d 106, 108 (1996); *State v. O'Neill*, 118 Idaho 244, 245, 796 P.2d 121, 122 (1990). In applying I.C. § 42–222(2), if the statutory language is clear and unambiguous, the Court need merely apply the statute without engaging in any statutory construction. *Wolfe v. Farm Bureau Ins. Co.*, 128 Idaho 398, 404, 913 P.2d 1168, 1174 (1996); *State v. McCoy*, 128 Idaho 362, 365, 913 P.2d 578, 581 (1996); *Kootenai Elec. Co-op. v. Washington Water Power Co.*, 127 Idaho 432, 435, 901 P.2d 1333, 1336 (1995); *Ada County Assessor v. Roman Catholic Diocese of Boise*, 123 Idaho 425, 428, 849 P.2d 98, 101 (1993); *Ottesen on Behalf of Edwards v. Board of Comm'rs of Madison County*, 107 Idaho 1099, 1100, 695 P.2d 1238, 1239 (1985). Statutory interpretation begins with the words of the statute, giving the language its plain, obvious, and rational meanings. *Wolfe*, 128 Idaho at 404, 913 P.2d at 1174; *see Grand Canyon Dories v. Idaho State Tax Comm'n*, 124 Idaho 1, 5, 855 P.2d 462, 466 (1993); *Nelson By and Through Nelson v. City of Rupert*, 128 Idaho 199, 201, 911 P.2d 1111, 1113 (1996).

The district court determined that I.C. § 42–222(2) unambiguously does not provide

for partial forfeiture. This determination was incorrect.

■ Section 42–222 of the Idaho Code states in relevant part:

> (2) All rights to the use of water acquired under this chapter or otherwise shall be lost and forfeited by a failure for the term of five (5) years to apply it to the beneficial use for which it was appropriated and when any right to the use of water shall be lost though nonuse or forfeiture such rights to such water shall revert to the state and be again subject to appropriation under this chapter....

I.C. § 42–222(2) (1996). The district court determined that:

> "All" when used as an adjective means "the whole amount or quantity ... the whole number or sum of...." Webster's Ninth New Collegiate Dictionary 71 (9th ed.1991). Reviewing the plain and ordinary meaning of I.C. § 42–222(2), it is clear that partial forfeiture is not provided for within this statute. Under the current wording of I.C. § 42–222(2), forfeiture of "all" rights occurs if water is not beneficially used for a five (5) year period. I.C. § 42–222(2) is completely silent as to partial forfeiture.

I.C. § 42–222(2) has been amended numerous times without adding clarifying language providing for partial forfeiture as some other states have done. *See, e.g.,* Ariz.Rev.Stat. § 45–188(a) (Supp.1996); Cal. Water Code § 1241 (1996); Colo.Rev.Stat. § 37–92–402(11) (1995); N.M. Stat. Ann. § 72–5–28(A) (Michie 1978); Wash. Rev.Code Ann. § 0.14.160 (West 1992).

Section 42–222(2) of the Idaho Code does not explicitly provide for partial forfeiture. In fact, the statute does not address any particular quantity of water at all that may be forfeited. The statute simply refers to "it" and "water."

Section 73–113 of the Idaho Code instructs that "[w]ords and phrases are construed according to the contexts and the approved usage of the language." I.C. § 73–113. The word "all" is an adjective. Webster's Collegiate Dictionary 29 (10th ed.1993). In the ordinary use of the English language, adjec-

tives precede or immediately follow the noun they modify. *See* Websters Concise Handbook for Writers, 151 (1991); Strunk & Wight, The Elements of Style 30 (3d ed.1979). "All" in I.C. § 42–222(2) modifies the word "rights." It does not modify the more distant word "water." *See State v. Troughton,* 126 Idaho 406, 411, 884 P.2d 419, 424 (Ct.App.1994) (relative and qualifying words are applied to words or phrases immediately preceding and not to words or phrases more remote). Had the legislature intended the word "all" to modify "water," it could have easily constructed a sentence that conveyed such an intent. The use of the word "all" in I.C. § 42–222(2) does not unambiguously close the door on the possibility of partial forfeiture.

**IV.**

## PARTIAL FORFEITURE IS AN ADMINISTRATIVELY RECOGNIZED CONCEPT WHICH IS IN ACCORD WITH THE ASSUMPTION MADE IN IDAHO CASE LAW.

■ If it is necessary for the Court to construe a statute, then it will attempt to ascertain legislative intent. *Kootenai Elec. Co-op.,* 127 Idaho at 435, 901 P.2d at 1336; *Sweitzer v. Dean,* 118 Idaho 568, 571, 798 P.2d 27, 30 (1990). In construing a statute this Court may examine the language used, the reasonableness of the proposed interpretations, and the policy behind the statute. *Sweitzer,* 118 Idaho at 571–72, 798 P.2d at 30–31; *Umphrey v. Sprinkel,* 106 Idaho 700, 706, 682 P.2d 1247, 1253 (1983).

### A. Administrative Practices and Policies.

■ A basic rule of statutory construction is that the application of a statute is an aid to construction, especially where the public relies on that application over a long period of time. Sutherland Stat. Const. (5th ed.1992). As Sutherland explains:

> Statutes are documents having practical effects. It is therefore improper to construe them in the abstract, without taking into consideration the historical framework in which they exist.... Correlatively, such information is also relevant when deciding what the statute means to others

734

because it is important to know how people affected by an act understand it.

SUTHERLAND, § 49.01 (footnotes omitted). "[W]here contemporaneous and practical interpretation has stood unchallenged for a considerable length of time it will be regarded as very important in arriving at the proper construction of a statute." *Id.* § 49.07. In fact, "[o]ne of the soundest reasons sustaining contemporaneous interpretations of long standing is the fact that the public has relied on the interpretation[ ]." *Id.* This Court has and continues to adhere to those tenets.

In *J.R. Simplot Co. v. Idaho State Tax Commission,* 120 Idaho 849, 820 P.2d 1206 (1991), the Court established a four-part test for when agency construction of a statute should be accorded deference. This Court summarized this test as follows:

This four prong test states that an agency's construction of a statute will be given great weight if: (1) the agency has been entrusted with the responsibility to administer the statute at issue; (2) the agency's construction of the statute is reasonable; (3) the statutory language at issue does not expressly treat the precise question at issue; and (4) any of the rationales underlying the rule of deference are present.

*Garner v. Horkley Oil,* 123 Idaho 831, 833, 853 P.2d 576, 578 (1993) (citing *Simplot,* 120 Idaho at 862, 820 P.2d at 1219).

There is no question that IDWR is entrusted with the responsibility to administer water resources in the state. I.C. §§ 42–1701—1778; §§ 42–1801—1806. Moreover, the statutory language does not "expressly treat the precise question at issue." As noted above, past cases from this Court indicate that partial forfeiture has been a recognized practice in Idaho. *See Crow v. Carlson,* 107 Idaho 461, 690 P.2d 916 (1984); *Idaho Power Co. v. State,* 104 Idaho 575, 661 P.2d 741 (1983); *Olson v. Bedke,* 97 Idaho 825, 555 P.2d 156 (1976); *Gilbert v. Smith,* 97 Idaho 735, 552 P.2d 1220 (1976); *Albrethsen v. Wood River Land Co.,* 40 Idaho 49, 231 P. 418 (1924).

The case of *Dovel v. Dobson,* 122 Idaho 59, 831 P.2d 527 (1992), establishes that the practice of partial forfeiture has also been followed by the IDWR. The Director's finding in that case was that the "consumptive use appurtenant to the third field had been forfeited by nonuse . . . ." *Id.* at 61, 831 P.2d at 529. *Dovel* indicates that the IDWR has made factual findings of partial forfeiture in the past. IDWR's practice of interpreting I.C. § 42–222(2) as allowing for a partial forfeiture is also apparent from its forms. The IDWR Application for Transfer of a Water Right asks applicants:

10. To your knowledge, has any portion of this water right undergone a period of five or more consecutive years of non-use?

Moreover, the record shows that some of those now opposing partial forfeiture advocated its use in their objections to the Director's report in the SRBA proceedings. A Hagerman water right owner filed an objection to a water right on the basis that the water right had been partially forfeited, stating:

The recommendation is for a greater quantity of water than has been beneficially used since at least before 1970. Thus, the right to *anything more than 3.5 cfs does not exist.* It has been forfeited or abandoned and/or the claimant is estopped from claiming the unused portion pursuant to agreement between the claimant and this objector.

(Emphasis added).

■ Case law and the record in this case show that the general public did indeed understand and depend upon the prior IDWR interpretation, policy and practice that partial forfeiture is a recognized concept in Idaho. That I.C. § 42–222(2) allows for partial forfeiture is a reasonable interpretation and otherwise meets the standards for according this interpretation deference. *Simplot,* 120 Idaho at 862, 820 P.2d at 1219. The Court declines to "unsettle[ ] the repose of all those who have detrimentally relied on . . . agency interpretations," *id.* at 857, 820 P.2d at 1214, and will accord IDWR's interpretation deference in this case.

**B. Recognition of Partial Forfeiture Promotes Important Policy Goals.**

    **1. The Result of Reaching a Contrary Decision.**

■ If this Court were to find that I.C. § 42–222(2) does not authorize partial forfeiture of a water right, once the amount ele-

ment of a water right is decreed, a water user could hold the water against all subsequent appropriators by using only a part of the water. Such a scheme is inconsistent with Idaho water law, which provides that if a water right is abandoned or forfeited it reverts to the state, following which third parties may perfect an interest therein. IDAHO CONST., art. 15, § 3; I.C. § 42–222(2); *Idaho Power Co.*, 104 Idaho at 589, 661 P.2d at 755; *Jenkins v. State Dep't of Water Resources*, 103 Idaho 384, 387–88, 647 P.2d 1256; *Sears v. Berryman*, 101 Idaho 843, 848 623 P.2d 455, 460 (1981); *Gilbert*, 97 Idaho at 738, 552 P.2d at 1223 (1976). "The governmental function in enacting ... the entire water distribution system under Title 42 of the Idaho Code is to further the state policy of securing the maximum use and benefit of its water resources." *Nettleton v. Higginson*, 98 Idaho 87, 91, 558 P.2d 1048, 1052 (1977). *See* IDAHO CONST., art. XV, § 7. In *Kunz v. Utah Power & Light Co.*, 117 Idaho 901, 792 P.2d 926 (1990), the Court commented:

> The water of this arid state is an important resource. Not only farmers, but industry and residential users depend upon it. Because Idaho receives little annual precipitation, Idahoans must make the most efficient use of this limited resource. The policy of the law of this [s]tate is to secure the maximum use and benefit, and least wasteful use, of its water resources.

*Id.* at 904, 792 P.2d at 929 (quotations and citations omitted).

Integral to the goal of securing maximum use and benefit of our natural water resources is that water be put to beneficial use. This is a continuing obligation. *See Washington County Irrigation Dist. v. Talboy*, 55 Idaho 382, 390, 43 P.2d 943, 946 (1935); *Glavin v. Salmon River Canal Co.*, 44 Idaho 583, 589–90, 258 P. 532, 534 (1927). Partial forfeiture makes possible allocation of water consistent with beneficial use concepts.

### 2. Recognition of Partial Forfeiture Promotes Economical Use of Water.

■ Contrary to the water users' claims, the Court's decision does not promote uneco-

nomical use of water in order to avoid forfeiture. A water user is not entitled to waste water. *Glavin*, 44 Idaho at 589–90, 258 P. at 534; *Coulson v. Aberdeen–Springfield Canal Co.*, 39 Idaho 320, 324, 227 P. 29, 30 (1924); *Vineyard Land & Stock Co. v. Twin Falls Oakley Land & Water Co.*, 245 F. 30, 33, 35 (9th Cir.1917); *Washington State Sugar Co. v. Goodrich*, 27 Idaho 26, 44, 147 P. 1073, 1079 (1915). It follows that a water right holder cannot avoid a partial forfeiture by wasting that portion of his or her water right that cannot be put to beneficial use during any part of the statutory period. If a water user cannot apply a portion of a water right to beneficial use during any part of the statutory period, but must waste the water in order to divert the full amount of the water right, a forfeiture has taken place.

### V.

### CONCLUSION

We reverse the decision of the district court determining that I.C. § 42–222(2) does not allow for partial forfeiture of water rights. This Court holds that partial forfeiture is provided for by I.C. § 42–222(2).

Costs are awarded to the appellants. I.A.R. 40. No attorney fees are awarded on appeal or on cross-appeal.

TROUT, C.J., and JOHNSON, McDEVITT * and SILAK, JJ., concur.

* Justice McDevitt participated in this decision prior to his resignation.