999 P.2d 895

**STATE of Idaho, ex rel. Industrial Commission, Plaintiff–Appellant,**

v.

**QUICK TRANSPORT, INC., an Idaho corporation; Mary Cradduck, President; and Paula Miller, Secretary; in their individual and official capacities, Defendants–Respondents.**

No. 25150.

Supreme Court of Idaho, Boise, January 2000 Term.

April 28, 2000.

Hon. Alan G. Lance, Attorney General, Boise, for appellant. A. Rene Martin, Deputy Attorney General, argued.

Thomas B. Dominick, Boise, argued for respondents.

TROUT, Chief Justice.

This is an appeal from the district judge's order affirming the magistrate judge's order granting summary judgment to the respondent, Quick Transport (Quick) and dismissing the Industrial Commission's (Commission) complaint for lack of subject matter jurisdiction.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In January 1995, the Commission's compliance department became aware that Quick was an Idaho employer with no worker's compensation insurance coverage in effect. On January 27, 1995, Kathy Vawter, Employer Compliance Specialist for the Commission, sent a letter informing Quick the Commission had no record of worker's compensation in effect for Quick, and penalties could be imposed for failure to maintain coverage. After receiving further information regarding Quick's alleged use of non-exempt employees without maintaining coverage for worker's compensation, the case was assigned to Lola Tucker, Employer Compliance Investigator, for investigation.

On December 19, 1996, Tucker visited Quick's business location in Payette, Idaho. During this visit, Tucker was informed that Quick had no non-exempt employees. Tucker asked Quick to provide a list of all corporate officers, their titles, and percentages of ownership in the corporation. One of Quick's officers, Mary Cradduck, agreed to provide the requested documentation. On January 27, 1997, having not yet received the requested information, Tucker sent a letter to Quick again requesting the documentation and advising Quick of the applicable penalties for failure to maintain worker's compensation coverage.

In February 1997, the compliance department received some information from Mary Cradduck. A letter was then sent to Quick requesting updated information and notifying Quick that, based on the information in the possession of the compliance department, it appeared Quick was using non-exempt employees in violation of Idaho's worker's compensation law. The letter also informed Quick of the compliance department's decision to assess penalties for the violation and that the matter had been referred to the Attorney General's office for legal action. There is nothing in the record to indicate the Commission held a hearing or approved in writing the findings contained in the letter.

On March 26, 1997, the Commission filed a complaint in district court alleging Quick had violated the worker's compensation statutes by employing individuals without a policy of worker's compensation insurance in effect. The complaint sought statutory penalties for the period of the violation, as well as an injunction. Later, the magistrate judge issued an order allowing the Commission to amend its complaint in order to increase the period of violation and the penalty amount.

Both the Commission and Quick filed motions for summary judgment. On October 16, 1997, the magistrate judge issued an order granting Quick's motion for summary judgment and dismissing the Commission's complaint for lack of subject matter jurisdiction. Following this decision, the Commission filed a motion for reconsideration, which was ultimately denied. Next, the Commission filed a notice of appeal with the district court. After briefing and argument, the district judge affirmed the magistrate judge's decision dismissing the Commission's complaint for lack of subject matter jurisdiction. This appeal then followed.

## II.

### STANDARD OF REVIEW

 When reviewing a trial court's ruling on a motion for summary judgment, this Court employs the same standard properly employed by the trial court when ruling on the motion. *Student Loan Fund of Idaho v. Duerner,* 131 Idaho 45, 49, 951 P.2d 1272, 1276 (1997). Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* Additionally, the record must be liberally construed in favor of the party opposing summary judgment, drawing all reasonable inferences and conclusions supported by the record in favor of that party. *Id.* Finally, when this Court reviews the decision of a district judge rendered in his appellate capacity, the Court reviews the record of the trial court independently of, but with due regard for, the district judge's decision. *Wilson v. Wilson,* 131 Idaho 533, 535, 960 P.2d 1262, 1264 (1998).

## III.

### DISCUSSION

Because the magistrate judge granted the motion for summary judgment based on a lack of subject matter jurisdiction, we must decide whether, under I.C. § 72–707 and our prior decisions, the Commission had exclusive jurisdiction over the question of whether a violation had occurred, the duration of the violation, and the amount of penalties to be assessed.

1. **The magistrate judge erred in concluding he lacked subject matter jurisdiction.**

 A. *I.C. § 72–707 does not bar the magistrate judge from hearing this case.*

 The magistrate judge determined the Commission had exclusive jurisdiction over this case based upon the language of I.C. § 72–707. The statute provides: "All questions arising under this law, if not settled by agreement or stipulation of the interested parties with the approval of the commission, except as otherwise herein provided, shall be determined by the commission." I.C. § 72–

707. The Commission argues the magistrate judge incorrectly interpreted this provision because this exclusive grant of jurisdiction was intended to apply only to cases involving injured worker disputes. The Commission asserts the magistrate judge's interpretation is incorrect because it requires reading the statute out of context with the rest of Chapter 7 of the Worker's Compensation Act. As the Commission notes, with the exception of the workplace safety statutes, all of Chapter 7 deals with the Commission's role in deciding injured worker cases, not with the Commission's role as an executive agency. Therefore, if I.C. § 72–707 is read in context with the rest of Chapter 7, the Commission argues that the exclusive grant of jurisdiction contained in the statute relates only to those cases involving injured workers.

There are two flaws in this argument. First, according to the compiler's notes to I.C. § 72–707, the words "this law" refer to I.C. §§ 72–101 to 72–805, essentially the entire body of the Worker's Compensation Act. Thus, it appears the legislature's grant of exclusive jurisdiction to the Commission was intended to cover more than just disputes involving injured workers. From the plain words of the statute, the Commission was intended to have exclusive jurisdiction over all disputes arising under the worker's compensation statutes, unless the legislature otherwise provided. Secondly, even if the compiler's notes did not make it clear I.C. § 72–707 referred to more than just injured worker cases, this Court's past interpretation of that section would still make the Commission's position untenable. For example, in *Smith v. O/P Transportation, Inc.,* 120 Idaho 123, 814 P.2d 23 (1991), this Court addressed the question of whether the Commission had exclusive jurisdiction to decide if a contract for worker's compensation insurance existed between the employer and the insurance company. Citing I.C. § 72–707, the Court held the Commission did have exclusive jurisdiction over the question because the dispute arose under I.C. § 72–311(2). Therefore, under the plain words of I.C. § 72–707 and this Court's interpretation of that statute, the Commission has exclusive jurisdiction over all disputes arising under the work-

er's compensation law, unless the legislature has otherwise provided. Because there is no question this case involves the worker's compensation statutes, we must next decide whether the legislature has otherwise provided the district court with jurisdiction over disputes arising from I.C. § 72–319.

### B. *Idaho Code § 72–319 fits within the "except as otherwise herein provided" language of I.C § 72–707.*

At the outset, we note we have never directly addressed the issue of a district court's jurisdiction under I.C. § 72–319. In *State v. Indian Country Enterprises*, 130 Idaho 520, 944 P.2d 117 (1997), we addressed the question of whether the Commission could enforce worker's compensation law on a tribal reservation. The Commission had filed a complaint in district court under I.C. §§ 72–319(4) and (5) seeking penalties and an injunction against Indian Country Enterprises for employing workers without carrying worker's compensation insurance as required by I.C. § 72–301. The district judge dismissed the case for lack of jurisdiction. On appeal, we held state courts have jurisdiction over an action to enforce worker's compensation laws against a tribal member operating a business on the reservation pursuant to 40 U.S.C. § 290. Our focus in *Indian Country* was on the jurisdiction of state courts over businesses on a tribal reservation; not on whether the district court, as opposed to the Commission, had jurisdiction under I.C. § 72–319. Therefore, *Indian Country* is not dispositive of this case.

The issue of whether I.C. § 72–319 grants the district court jurisdiction over this case involves a question of statutory interpretation. An interpretation of a statute is a question of law over which the Court exercises free review. *State v. Hagerman Water Right Owners*, 130 Idaho 727, 732, 947 P.2d 400, 405 (1997). If the statutory language is clear and unambiguous, the Court need merely apply the statute without engaging in any statutory construction. *Id.* However, if it is necessary for the Court to interpret a statute, then it will attempt to ascertain legislative intent. *Id.* at 733, 947 P.2d at 406. Finally, in construing a statute, this Court

may examine the language used, the reasonableness of the proposed interpretations, and the policy behind the statute. *Id.*

I.C. §§ 72–319(4) and (5) provide:

(4) Any employer required to secure the payment of compensation under this law, who fails to do so, may be liable for a penalty of either two dollars ($2.00) for each employee for each day or twenty-five dollars ($25.00) for each day during which such failure continues, whichever is greater ... to be recovered for the time during which such failure continued, but for not more than three (3) consecutive years, in an action brought by the commission in the name of the state of Idaho; any amount so collected shall be paid into the industrial administration fund; for this purpose the district court of any county in which the employer carries on any part of its trade or occupation shall have jurisdiction. In determining whether penalties should be assessed or collected for the employer's failure to secure the payment of compensation, the commission may consider the following factors:

(a) When the employer was notified that such employer's worker's compensation insurance coverage had been canceled or that such insurance was required;

(b) The length of time that elapsed between when the employer was notified that worker's compensation insurance coverage was required or that such employer's coverage had been canceled, and the date that such coverage was put into effect;

(c) Whether the employer is able to document attempts to secure worker's compensation insurance coverage during the period of time that such employer was without such coverage;

(d) Whether there were prior instances in which the employer failed to keep worker's compensation insurance in effect or such coverage was canceled, and the reasons for such failure or cancellation.

(e) The reasons that the employer is unable to obtain or keep in effect worker's compensation insurance coverage;

The above factors are not exclusive and the commission may consider any other relevant factor.

(5) If any employer required to secure the payment of compensation under this law is or has been in default under section 72–301, Idaho Code, the employer may be enjoined by the district court of any county in which such employer carries on any part of its trade or occupation from carrying on such business while any default under section 72–301, Idaho Code, exists. All proceedings in the courts under this section are to be brought by the industrial commission in the name of the state of Idaho.

As is clear from the language of the statute, I.C. § 72–319 provides the district court with jurisdiction over this case. The statute plainly states employers who are required to carry worker's compensation insurance and fail to do so may be liable for statutory penalties, and the district court has jurisdiction over an action filed to recover those penalties. The determination of whether to seek penalties lies with the Commission, but the statute does not require the Commission make its determination in its quasi-judicial capacity. Instead, the statute simply lists some of the mitigating factors the Commission is to consider when deciding whether to pursue penalties against an employer who violates I.C. § 72–301. In this case, the Commission followed the procedure set forth unambiguously in the statute. The Commission, in its executive agency capacity, determined penalties should be assessed against Quick for violating the requirements of I.C. § 72–301 and forwarded the case to the attorney general's office. The attorney general then filed this action in district court to collect the statutory penalties against Quick. Under the plain language of the statute, the magistrate judge had jurisdiction to determine if a violation has in fact occurred and the length of the violation. If he had found Quick in violation of I.C. § 72–301, the mag-

istrate judge could have imposed the statutory penalties[1] and could have imposed an injunction against Quick to prevent it from operating the business without the required insurance.

Quick argues I.C. § 72–319 does not provide the magistrate judge with jurisdiction over this case, by focusing on the language of I.C. § 72–707 and this Court's interpretation of that statute. Quick argues I.C. § 72–707 deprives the district court of jurisdiction over this case because the question of whether Quick is in fact required to carry worker's compensation insurance arises under the worker's compensation law. As noted earlier, I.C. § 72–707 provides the Commission with exclusive jurisdiction "except as otherwise herein provided." In this case, the legislature has provided otherwise by specifically vesting the district courts with jurisdiction to hear these types of cases, and has not required the Commission to hear the case in its quasi-judicial capacity prior to bringing an action to assess penalties.

■ Quick also argues it will be denied due process if the Commission is allowed to bring the action in district court because it will never have the opportunity to contest the Commission's decision finding Quick in violation of I.C. § 72–301. This is an incorrect reading of both the statute and the Commission's position. Once the Commission decides to bring an action to enforce penalties against an employer it believes is not in compliance with I.C. § 72–301, the district court then has jurisdiction to decide whether a violation has occurred and the length of the violation. Quick would be entitled to present evidence supporting its position that it was exempt from the requirements of I.C. § 72–301. While it is true Quick would not be able to contest the amount of any penalty once the magistrate judge has determined the existence of a violation and the length of the violation, that is only because the penalty is set by statute. In fact, the legislature may well have decided to grant the district court

1. In his opinion and order, the magistrate judge held that because he lacked discretion to determine the amount of penalties, the legislature must have intended the Commission to make the penalty determination in its quasi-judicial capacity. However, the magistrate's lack of discretion to reduce the statutorily proscribed penalty does

not deprive the court of jurisdiction to hear the case. Similarly, the fact the statute grants the Commission discretion in deciding whether to bring an action for penalties against an employer, does not deprive the district court of jurisdiction over the matter once the Commission has decided to assess penalties.

jurisdiction over these types of cases so that the Commission is not acting as both prosecutor and judge.

Finally, Quick argues I.C. § 72–319 cannot be read to allow the Commission to file an action in district court without first having heard the matter in its judicial capacity because such an interpretation would create a conflict with I.C. § 72–506. I.C. § 72–506 states:

(1) Any investigation, inquiry or hearing which the commission has power to undertake or hold may be undertaken or held by or before any member thereof or any hearing officer, referee or examiner appointed by the commission for that purpose.

(2) Every finding, order, decision or award made by any member, hearing officer, referee, or examiner pursuant to such investigation, inquiry or hearing, when approved and confirmed by the commission, and ordered filed in its office, shall be deemed to be the finding, order, decision or award of the commission.

Quick therefore argues the "investigation" into Quick's lack of worker's compensation insurance could only be delegated to a Commission hearing officer, referee, or examiner, and not to the Employer Compliance Supervisor. Additionally, Quick argues even if the matter was properly delegated to the Employer Compliance Supervisor, I.C. § 72–506 also requires the Commission approve and confirm the "findings" of the Supervisor before any action can be filed in district court pursuant to I.C. § 72–319.

■ However, we believe I.C. § 72–506 was intended to apply only to the Commission's role as a tribunal in deciding injured worker cases, not to the Commission's role as an executive agency enforcing the worker's compensation law. The Commission argues the word "investigation" as used in I.C. § 72–506 was not intended to apply to investigations of uninsured employers by the compliance department. Rather, it refers to the power of the Commission, or a duly appointed referee, hearing officer, or examiner, to conduct whatever investigations it feels are necessary in relation to worker's compensation cases. *See* I.C. § 72–714(3). When the Commission makes such an investigation, it is acting in its role as a judicial tribunal, not an executive agency. Consequently, any findings made pursuant to those investigations by a duly delegated hearing officer, referee, or examiner would have to be approved by the Commission and filed in the Commission office before they would be considered findings of the Commission. I.C. § 72–319 does not require an order or written finding from the Commission approving the decision to submit the case to the attorney general and, absent some evidence the Commission did not approve of pursuing this in the district court, we presume the compliance department officers acted legally. Because I.C. § 72–319 provides the magistrate judge with jurisdiction over this case, we hold the magistrate judge erred in granting Quick's motion for summary judgment.

**2. Attorney fees on appeal.**

■ The Commission argues it should be awarded attorney fees on appeal pursuant to I.A.R. 41 and I.C. § 12–121. Attorney fees are proper under these provisions "only when this court is left with the abiding belief that the appeal was brought, pursued or defended frivolously, unreasonably or without foundation." *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979). Applying this standard to the facts of this case, we do not believe Quick's arguments were frivolous, unreasonable or without foundation. We have never faced this particular issue before and, given the complexity of the worker's compensation law, it does not appear Quick's interpretation of I.C. § 72–319 was completely unreasonable. Therefore, we decline to award attorney fees to the Commission.

## IV.

### CONCLUSION

We reverse the decision of the magistrate judge granting Quick's motion for summary judgment and remand this case for further proceedings. We award costs, but not attorney fees, to the appellants.

Justices SILAK, SCHROEDER, WALTERS and KIDWELL, concur.