42 P.3d 678

**Shirley KOCH, Claimant–Appellant,**

v.

**MICRON TECHNOLOGY, Employer, and Liberty Northwest Insurance Corporation, Surety, Defendants–Respondents.**

No. 27129.

Supreme Court of Idaho,
Boise, January 2002 Term.

Feb. 22, 2002.

Lawrence G. Sirhall, Jr., Boise, for appellant.

E. Scott Harmon, Boise, for respondents.

EISMANN, Justice.

The Industrial Commission denied the claimant workers' compensation benefits because she could not prove that an accident aggravated her preexisting condition, as required by *Nelson v. Ponsness–Warren Idgas Enterprises*, 126 Idaho 129, 879 P.2d 592 (1994). She appeals, arguing that the legislature overruled *Nelson* when it amended Idaho Code § 72–439. We affirm the order of the Industrial Commission.

## I. FACTS AND PROCEDURAL HISTORY

The claimant Shirley Koch began working for Micron Technology on October 15, 1997. At that time she had a preexisting calcific tendonitis in her right shoulder, but it was asymptomatic and did not inhibit her job performance. Her job duties included keeping production equipment and facilities clean and required her to engage in repetitive motions in cleaning, scrubbing, and overhead lifting. Over the next two years, the repetitive nature of her work aggravated her preexisting calcific tendonitis, and it became symptomatic.

On February 25, 1999, she began receiving treatment for her condition, but by the summer of 1999 she was unable to work in her job capacity because of severe shoulder pain. On July 6, 1999, her physician performed an arthroscopic examination and decompression of Koch's right shoulder by resecting the AC joint. Her physician opined that Koch's preexisting condition became aggravated due to the repetitive nature of her work.

On October 22, 1999, Koch filed a claim for benefits under the workers' compensation statutes. The parties stipulated to bifurcate the issues of compensability and determination of benefits, and they stipulated to the facts relevant to Koch's claim. The matter was first heard by a referee, who recommended that the claim be denied because Koch did not prove that her preexisting condition was aggravated by an industrial acci-

dent. The Industrial Commission, by a divided vote, adopted the recommendation of the referee and dismissed Koch's claim. She then appealed.

## II. ANALYSIS

The sole issue presented by this appeal is whether the legislature overruled this Court's decision in *Nelson v. Ponsness–Warren Idgas Enterprises,* 126 Idaho 129, 879 P.2d 592 (1994), when it amended Idaho Code § 72–439. The construction and application of a legislative enactment is a question of law over which we exercise free review. *Lopez v. State, Industrial Special Indemnity Fund,* 136 Idaho 174, 30 P.3d 952 (2001).

In 1994 we issued our opinion in *Nelson v. Ponsness–Warren Idgas Enterprises* in which we held that an employee may obtain workers compensation benefits for aggravation or acceleration of a preexisting condition only if the aggravation or acceleration results from an industrial accident as defined by the worker's compensation law. In 1997 the legislature amended Idaho Code § 72–439 as follows:

72–439. ~~LIMITATIONS~~ *ACTUALLY INCURRED/NONACUTE OCCUPATIONAL DISEASE.* *(1)* An employer shall not be liable for any compensation for an occupational disease unless such disease is actually incurred in ~~his~~ *the employer's* employment ~~and, unless disablement or death results within four (4) years in case of silicosis, or one (1) year in case of any other occupational disease, after the last injurious exposure to such disease in such employment, or, in case of death, unless death follows continuous disability from such disease, commencing within the period above limited for which compensation has been paid or awarded or claim made as provided in this chapter, and results within four (4) years after the last injurious exposure.~~

*(2)* An employer shall not be liable for any compensation for a nonacute occupational disease unless the employee was exposed to the hazard of such disease for a period of sixty (60) days for the same employer.

*(3) Where compensation is payable for an occupational disease, the employer, or the surety on the risk for the employer, in whose employment the employee was last injuriously exposed to the hazard of such disease, shall be liable therefore.*

Ch. 274, § 12, 1997 Idaho Sess. Laws 799, 812.

 If the statutory language is clear and unambiguous, this Court need merely apply the statute without engaging in any statutory construction. *State v. Quick Transp., Inc.,* 134 Idaho 240, 999 P.2d 895 (2000). If it is necessary for this Court to interpret a statute, then it will attempt to ascertain the legislative intent. *Id.* In construing a statute, this Court may examine the language used, the reasonableness of the proposed interpretations, and the policy behind the statute. *Id.*

Koch argues that the addition of subparagraph (3) to the statute was intended by the legislature to overrule *Nelson.* The language of subparagraph (3) is clear and unambiguous. It specifies which employer is liable "[w]here compensation is payable for an occupational disease." It addresses liability for benefits for an occupational disease once that occupational disease has been determined to be compensable. It does not address the issue of whether an occupational disease is compensable. Because *Nelson* dealt with the compensability of an occupational disease, not with which employer was liable, subsection (3) clearly cannot have been intended to overrule *Nelson.* There is nothing in the language of subparagraph (3) that purports to change the holding of *Nelson* that the aggravation or acceleration of an occupational disease is not compensable unless such aggravation or acceleration results from an industrial accident.

## III. CONCLUSION

We affirm the decision of the Industrial Commission that Idaho Code § 72–439(3) did not overrule this Court's opinion in *Nelson v. Ponsness–Warren Idgas Enterprises,* 126 Idaho 129, 879 P.2d 592 (1994). We award costs on appeal to the respondent.

Justices SCHROEDER, WALTERS, KIDWELL and Justice Pro Tem McKEE concur.