# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 46004

| | | |
|---|---|---|
| MIRANDA MOSER, | ) | |
| | ) | |
| Claimant-Appellant, | ) | Boise, April 2019 Term |
| | ) | |
| v. | ) | Opinion Filed: May 15, 2019 |
| | ) | |
| ROSAUERS SUPERMARKETS, INC., | ) | Karel A. Lehrman, Clerk |
| Employer, | ) | |
| | ) | |
| Defendant-Respondent. | ) | |
| | ) | |

Appeal from the Industrial Commission of the State of Idaho.

The decision of the Industrial Commission is <u>affirmed</u>.

Goicoechea Law Offices, Lewiston, Attorneys for Appellant. Michael T. Kessinger argued.

Gardner Law Office, Boise, Attorneys for Respondent. Michael G. McPeek argued.

_____

BEVAN, Justice

## I. NATURE OF THE CASE

Miranda Moser appeals an Idaho Industrial Commission ("Commission") order on her petition for declaratory ruling that considered whether an employer could compel an injured worker to attend an Idaho Code section 72-433 medical examination without first establishing that the worker is in the period of disability. The Commission held that following the claim of an accident, injury, or occupational disease, an employer may require a claimant's attendance at such a medical examination. We affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On October 9, 2016, Moser dislocated her right shoulder when she lifted a 24-pack of soda while working as a cashier for Rosauers Supermarkets, Inc. ("Rosauers"). Rosauers accepted the claim even though Moser had a pre-existing history of recurrent instability of her

right shoulder. On November 16, 2016, Moser underwent shoulder surgery. After surgery, Moser continued to suffer from "pseudosubluxation" and her surgeon, Dr. Adam Jelenek, recommended she receive a second opinion from a physician in Seattle. Rather than authorizing the request for referral, Rosauers arranged for Moser to be evaluated by Dr. Michael Ludwig who opined that Moser's shoulder dislocation likely resulted from her pre-existing condition. On September 8, 2017, Dr. Ludwig concluded that Moser had returned to her pre-injury baseline and that she did not require any further medical care. Moser was given an 11% upper extremity impairment apportioned entirely to Moser's documented pre-injury condition.

On January 3, 2018, Moser filed a workers' compensation complaint that raised these issues:

1. Entitlement to medical care;
2. Entitlement to temporary total disability;
3. Extent of permanent partial impairment;
4. Entitlement to permanent disability;
5. Entitlement to total permanent disability including total disability pursuant to the odd-lot doctrine;
6. Entitlement to retraining;
7. Entitlement to attorney fees for an unreasonable denial of benefits.

On January 17, 2018, Rosauers filed a notice of medical exam to be performed by Dr. Joseph Lynch on February 5, 2018. Moser responded with a letter conveying she would not be attending the medical exam. Rosauers then filed a motion for sanctions and Moser filed a motion for protective order. The Referee denied Moser's motion for protective order and ordered Moser to appear at an Idaho Code section 72-433 examination. On February 7, 2018, Rosauers filed a second notice of medical exam to be performed by Dr. Joseph Lynch on April 2, 2018.

On February 15, 2018, Moser filed a Judicial Rule of Practice and Procedure ("J.R.P.") 15 petition for a declaratory ruling. She sought an order on whether an employer could compel a claimant to attend an Idaho Code section 72-433 examination without first establishing the claimant was within her "period of disability," which she argued was limited to a period when she was actually receiving benefits. On March 21, 2018, Moser filed a notice that she would not attend the medical examination Rosauers had scheduled for April 2, 2018.

2

On April 4, 2018, the Commission entered an order on the petition for declaratory ruling rejecting Moser's argument that a claimant need only attend an Idaho Code section 72-433 medical examination while that injured worker is actually receiving benefits. The Commission found the statute to be ambiguous and concluded that following the claim of an accident, injury, or occupational disease, an employer may require a claimant's attendance at a medical exam. On May 3, 2018, Moser appealed the Commission's order to this Court.

### III. ISSUES ON APPEAL

1. Whether Moser's appeal is proper.
2. Whether the Commission erred in concluding that Rosauers could require an Idaho Code section 72-433 medical examination without first establishing that Moser was within her period of disability.

### IV. STANDARD OF REVIEW

"When this Court reviews a decision of the Industrial Commission, it exercises free review over questions of law, but reviews questions of fact only to determine whether substantial and competent evidence supports the Commission's findings." *Lopez v. State*, 136 Idaho 174, 176–77, 30 P.3d 952, 954–55 (2001) (citing *Rivas v. K.C. Logging*, 134 Idaho 603, 7 P.3d 212 (2000)). We exercise free review over the construction of a statute. *Id.* at 177, 30 P.3d at 955 (citing *Crawford v. Dep't of Corr.*, 133 Idaho 633, 991 P.2d 358 (1999)).

### V. ANALYSIS

**A.    Moser has properly appealed the Commission's declaratory ruling.**

Rosauers first raises concerns over whether Moser's appeal is proper because Moser's complaint sought additional benefits that still need to be adjudicated by the Commission. A party's ability to appeal from Commission proceedings is set forth in Idaho Appellate Rule 11, which provides that a party may appeal as a matter of right "[f]rom any final decision or order of the Industrial Commission or from any final decision or order upon rehearing or reconsideration by the administrative agency." I.A.R. 11(d)(1). Under the Commission's Judicial Rules of Practice and Procedure, after a party has filed a petition for declaratory ruling the Commission may "[i]ssue a written ruling which shall have the full force and effect of a final order or judgment." J.R.P. 15(F)(3).

Moser filed a J.R.P. 15 petition for a declaratory ruling on whether an employer can compel a claimant to attend an Idaho Code section 72-433 examination without first establishing

3

the claimant was within her "period of disability." On April 4, 2018, the Commission entered an order which concluded that following the claim of an accident or injury an employer could require a claimant's attendance at a medical exam under Idaho Code section 72-433. Pursuant to the Judicial Rules of Practice and Procedure, such a ruling carried the "full force and effect of a final order or judgment." J.R.P. 15(F)(3). Thus, Moser had forty-two days to appeal the Commission's decision. I.A.R. 14(a). On May 3, 2018, Moser filed a timely appeal to this Court. Thus, Moser's appeal is properly before us.

**B.    The Commission did not err in concluding that an employer can require an Idaho Code section 72-433 medical examination once a claimant has filed a complaint seeking disability benefits.**

Moser argues that because she was not receiving income benefits when Rosauers filed its request for an Idaho Code section 72-433 medical examination she was not within her "period of disability" and the Commission erred in finding that she could be compelled to attend the examination. Moser maintains that a section 72-433 medical examination can be ordered only during the period a claimant is receiving income benefits.

This Court exercises free review when interpreting a statute. *Lopez*, 136 Idaho at 178, 30 P.3d at 956 (quoting *State ex rel. Industrial Commission v. Quick Transp., Inc*., 134 Idaho 240, 999 P.2d 895 (2000)). If the statutory language is unambiguous, we merely apply the statute as written. *Id*. If the statute is ambiguous, then we seek to determine the legislative intent. *Id*. When doing so, we may examine the language used, the reasonableness of proposed interpretations, and the policy behind the statute. *Id*. Interpretation begins with the literal language of a statute. *Wernecke v. St. Maries Joint Sch. Dist. No. 401*, 147 Idaho 277, 282, 207 P.3d 1008, 1013 (2009). "The statute should be considered as a whole, and words should be given their plain, usual, and ordinary meanings." *Id*. That said, the Court must also "give effect to all the words and provisions of the statute so that none will be void, superfluous, or redundant." *Id*. When interpreting the Worker's Compensation Act, this Court "liberally construe[s] its provisions in favor of the employee in order to serve the humane purpose for which it was promulgated." *Id*.

The statute at issue, Idaho Code section 72-433, governs a claimant's submission to a medical examination and provides, in pertinent part,

> [a]fter an injury or contraction of an occupational disease and during the period of disability the employee, if requested by the employer or ordered by the commission, shall submit himself for examination at reasonable times and places

4

to a duly qualified physician or surgeon. The employee shall be reimbursed for his expenses of necessary travel and subsistence in submitting himself for any such examination and for loss of wages, if any.

I.C. § 72-433(1).

We do not find Idaho Code section 72-433 to be ambiguous. We will therefore apply the statute as written. The statute requires that an employer may only request an employee attend a medical examination: (1) "[a]fter an injury or contraction of an occupational disease"; and (2) "during the period of disability." It is not disputed that Moser suffered an injury when she dislocated her right shoulder on October 9, 2016, so the question becomes whether Moser was within the "period of disability" at the time Rosauers requested the medical examination.

The Worker's Compensation Act broadly defines disability as "a decrease in wage-earning capacity due to injury or occupational disease." I.C. § 72-102(11). By filing a claim for disability benefits Moser has asserted that she suffered a decrease in wage-earning capacity and was within a "period of disability" as required by the statute, no matter if she was receiving income benefits at the time. This approach allows an employer to investigate the validity of a claim when there has been no determination of whether the claim is compensable. To hold otherwise would allow claimants who have stopped receiving monetary benefits to force an employer to resume paying benefits simply by filing a complaint, even if the employer has valid defenses against such claims. Such an interpretation would conflict with Idaho Code section 72-434, which provides that if an injured employee "unreasonably" fails to submit to a section 72-433 examination "the injured employee's right to take or prosecute any proceedings under this law shall be suspended until such failure or obstruction ceases, and no compensation shall be payable for the period during which such failure or obstruction continues." I.C. § 72-434. We construe the statute as a whole, *Wernecke*, 147 Idaho at 282, 207 P.3d at 1013, and hold that an injured employee is prohibited from pursuing proceedings while also refusing to submit to a section 72-433 medical examination. It would be unreasonable to allow a claimant to file a claim for disability and prohibit an employer any opportunity to assess the merit of those allegations before they have to compensate the claimant. "This Court will not read a statute to create an absurd result." *The David & Marvel Benton Tr. v. McCarty*, 161 Idaho 145, 151, 384 P.3d 392, 398 (2016).

Ultimately, the Commission found Idaho Code section 72-433 to be ambiguous and concluded that when it was considered in light of Idaho Code section 72-434, an employer could

5

require a claimant's attendance at a medical exam following the claim of an accident/injury or occupational disease. The Commission recognized that employers must have timely access to an injured worker to promptly investigate a claim and to defend cases in litigation.

We disagree with the Commission's finding that Idaho Code section 72-433 is ambiguous. That said, we agree that it is not reasonable to allow a claimant to file a claim asserting that she is disabled in an effort to seek benefits without allowing an employer an opportunity to investigate the validity of her claims. After Moser's injury, Rosauers initially accepted the claim and paid benefits. Rosauers continued to pay benefits until September 2017, when Dr. Ludwig examined Moser and opined that she had reached maximum improvement. After this time, Moser had legitimate grounds to object to any request by Rosauers that she attend a medical examination. Even so, by filing her worker's compensation complaint seeking benefits for disability in January 2018, Moser's allegations placed her within a "period of disability" and she was therefore required to submit to Rosauers' request that she attend a medical examination so long as it was at a "reasonable time and place." Moser has not attacked the "reasonableness" of the medical examination by Dr. Lynch. Moser's argument is limited to whether she was within the "period of disability" required by Idaho Code section 72-433. The Commission properly concluded that Moser had to attend the medical examination requested by Rosauers.

## VI. CONCLUSION

The Commission's decision is affirmed.

Chief Justice BURDICK, Justices BRODY, STEGNER and MOELLER, CONCUR.