# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 49693-2022

LAURA MILUS, in her individual capacity
and as Guardian of the Minor Child Plaintiff,
D.L.J.,

    Plaintiff-Appellant,

v.

SUN VALLEY COMPANY, a Wyoming
corporation,

    Defendant-Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, September 2023 Term

Opinion filed: December 19, 2023

Melanie Gagnepain, Clerk

---

Appeal from the District Court of the Fifth Judicial District of the State of Idaho,
Blaine County. Ned C. Williamson, District Judge.

The decision of the district court is reversed.

Rossman Law Group, PLLC, Boise, for Appellant. Mathew G. Gunn argued.

Lake City Law Group PLLC, Coeur d'Alene, for Respondent. Katharine B.
Brereton argued.

---

ZAHN, Justice.

This case concerns the interpretation of the Responsibilities and Liabilities of Skiers and
Ski Area Operators Act. Appellant Laura Milus brought a wrongful death action on behalf of
herself and her minor child against Respondent Sun Valley Company after her husband's death
following his collision with snowmaking equipment while skiing at Sun Valley Ski Resort.

Milus alleged that Sun Valley Company had breached a duty arising under Idaho Code
section 6-1103(2) and (6). The district court granted Sun Valley's summary judgment motion,
holding that Sun Valley (1) fulfilled its duty under Idaho Code section 6-1103(2) to mark
snowmaking equipment by surrounding the snowmaking equipment with yellow padding, and (2)
did not have a duty under Idaho Code section 6-1103(6) to place a conspicuous notice at the top

1

of the ski trail because the snowmaking equipment was not actively discharging snow. We reverse the district court's grant of summary judgment and remand for further proceedings consistent with this opinion.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On November 30, 2019, Stewart Milus ("Mr. Milus") was skiing at the Sun Valley Ski Resort when he collided with snowmaking equipment identified as Snow Gun 16, located in the middle of the Lower River Run on Bald Mountain. Mr. Milus died as a result of the collision. Snow Gun 16 was not actively discharging snow at the time of the collision.

Laura Milus ("Ms. Milus") is the widow of Mr. Milus and D.L.J. is the stepson of Mr. Milus. Ms. Milus filed a wrongful death action on behalf of herself and D.L.J. (collectively referred to as "Milus") against Sun Valley Company ("Sun Valley"), the operator of the Sun Valley Ski Resort. Milus alleged that Sun Valley breached its duties under Idaho Code section 6-1103(2) and (6). Idaho Code section 6-1103(2) imposes a duty on ski operators to mark with a "visible sign" or "warning implement" the location of snowmaking equipment on ski slopes and trails. Idaho Code section 6-1103(6) imposes a duty to place a conspicuous notice at or near the top of a trail or slope that is open to the public when snowgrooming or snowmaking operations are being undertaken.

Sun Valley filed a motion for summary judgment, arguing that it had satisfied its duty to warn of the snowmaking equipment under Idaho Code section 6-1103(2) because Snow Gun 16 was covered in yellow padding, which constituted a "warning implement." Additionally, Sun Valley argued that it had no duty under Idaho Code section 6-1103(6) to place a notice at the top of the Lower River Run because no snowmaking was being actively undertaken on the day of the collision. Sun Valley further argued that, even if it did have such a duty, it complied with that duty by placing a sign that read "CAUTION SNOWMAKING IN PROGRESS" near what Sun Valley contends is the unloading area of the Lower River Run ski lift. Lastly, Sun Valley argued that, under Idaho Code section 6-1106, Mr. Milus had assumed the risk of injury while skiing.

The district court granted Sun Valley's motion for summary judgment in part, holding that the yellow padding on Snow Gun 16 satisfied the duty under section 6-1103(2) to mark snowmaking equipment with a "warning implement." The district court interpreted section 6-1103(6) as creating a duty only when snowmaking equipment is actively discharging snow and allowed discovery to take place regarding whether snow was being made on the day of the

2

accident. Following discovery, the district court granted Sun Valley's renewed motion for summary judgment in full regarding section 6-1103(6), holding that Sun Valley had no duty to place a notice at or near the top of the ski run because no active snowmaking was being undertaken when the accident occurred. The district court held that Milus was unable to establish that Sun Valley breached a duty owed to Mr. Milus and therefore Milus's claim failed. Having resolved the motion on other grounds, the district court did not rule on Sun Valley's assumption of risk defense.

Milus timely appealed the final judgment.

## II. ISSUES ON APPEAL

1. Whether the district court erred in holding that the yellow padding on Snow Gun 16 constituted a warning implement.

2. Whether the district court erred in holding that Sun Valley had no duty to provide a conspicuous notice at the top of Lower River Run because no snow was being actively discharged from the snowmaking equipment.

3. Whether Mr. Milus assumed the risk of his ski accident under Idaho Code section 6-1106.

4. Whether Sun Valley is entitled to attorney fees on appeal.

## III. STANDARD OF REVIEW

"The standard of review on appeal from an order granting summary judgment is the same standard that is used by the district court in ruling on the summary judgment motion." *Berglund v. Dix*, 170 Idaho 378, 384, 511 P.3d 260, 266 (2022) (quoting *Hoke v. Neyada, Inc.*, 161 Idaho 450, 453, 387 P.3d 118, 121 (2016)). The trial court "must grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." I.R.C.P. 56(a). "All disputed facts are to be construed liberally in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party." *Manning v. Micron Tech., Inc.*, 170 Idaho 8, 12, 506 P.3d 244, 248 (2022). "A mere scintilla of evidence or only slight doubt as to the facts is not sufficient to create a genuine issue of material fact for the purposes of summary judgment." *Finholt v. Cresto*, 143 Idaho 894, 897, 155 P.3d 695, 698 (2007) (quoting *Jenkins v. Boise Cascade Corp.*, 141 Idaho 233, 238, 108 P.3d 380, 385 (2005)). "If the evidence reveals no disputed issues of material fact, then only a question of law remains, over which this Court exercises free review." *Arambarri v. Armstrong*, 152 Idaho 734, 738, 274 P.3d 1249, 1253 (2012).

3

## IV.  ANALYSIS

**A. Ski area operators are held to an ordinarily prudent person standard of care when undertaking the duties enumerated in Idaho Code section 6-1103(1) through (9).**

Before addressing the district court's order dismissing Milus's claim, we must first discuss the duties in tort and the corresponding standards of care encompassed by Milus's claim. Milus's negligence claim is premised on duties arising under the Responsibilities and Liabilities of Skiers and Ski Area Operators Act ("Ski Area Liability Act"). *See* I.C. §§ 6-1101 through 6-1109.

Idaho Code section 6-1103 is titled, "Duties of ski area operators with respect to ski areas," and contains ten subsections. Subsections (1) through (9) each state a specific duty that a ski area operator has with respect to its operation of the ski area. Subsection (10) differs from the first nine because, after stating a duty, it then describes exceptions to that duty:

> Every ski area operator shall have the following duties with respect to their operation of a skiing area:
>
> . . . .
>
> (10) Not to intentionally or negligently cause injury to any person; provided, that except for the duties of the operator set forth in subsections (1) through (9) of this section and in section 6-1104, Idaho Code, the operator shall have no duty to eliminate, alter, control or lessen the risks inherent in the sport of skiing, which risks include, but are not limited to, those described in section 6-1106, Idaho Code; and, that no activities undertaken by the operator in an attempt to eliminate, alter, control or lessen such risks shall be deemed to impose on the operator any duty to accomplish such activities to any standard of care.

I.C. § 6-1103(10).

This Court interpreted section 6-1103(10) in *Northcutt v. Sun Valley Company*, 117 Idaho 351, 787 P.2d 1159 (1990). We held that the Ski Area Liability Act limits the liability of ski operators to only the enumerated duties in section 6-1103(1) through (9) when acting to eliminate, alter, control or lessen the inherent risks of skiing. *See id*. at 354–55, 787 P.2d at 1162–63. Significantly, we also held that the Act eliminates any standard of care for a ski operator when undertaking any of the duties found in subsections (1) through (9). *See id*. ("We construe the last clause of this portion of [Idaho Code section] 6-1103(10) to eliminate any standard of care for a ski area operator in carrying out any of the duties described in [Idaho Code sections] 6-1103 and 6-1104."). In other words, even though ski operators owe a duty to perform certain tasks, there is no standard of care applicable to how they perform those tasks.

4

Sun Valley argues that, under this Court's holding in *Northcutt*, if a ski area operator takes any step to fulfill the duties enumerated under Idaho Code section 6-1103(1) through (9), any potential plaintiffs are barred from recovery. Milus argues that this Court's interpretation in *Northcutt* makes it nearly impossible to hold a ski area operator liable, in contradiction with the legislature's intent to "define those areas of responsibility and affirmative acts for which ski area operators shall be liable for loss, damage or injury . . . ." I.C. § 6-1101. We agree with Milus and hold that the ordinarily prudent person standard applies to the duties set forth in Idaho Code section 6-1103(1) through (9).

A careful reading of *Northcutt* reveals that the standard of care portion of the decision failed to draw a majority of votes and therefore is only a plurality holding. Justice Bakes's special concurrence in Part II of the *Northcutt* opinion explains his disagreement with the plurality's holding eliminating any standard of care for the duties enumerated in subsections (1) through (9):

> Had appellant Northcutt's injury been proximately caused by an inaccurate description of the relative degree of difficulty of the slope, or had the sign not been sufficiently "conspicuous" so that it could not reasonably have been observed, and as a result Northcutt descended a slope which exceeded his ability to negotiate, then in my view there would have been a violation of the duty provided in [section] 6-1103(3) for which liability would be imposed under [Idaho Code section] 6-1107, *and which would not have been excused by [Idaho Code section] 6-1103(10)*.

117 Idaho at 358, 787 P.2d at 1166 (Bakes, J., specially concurring) (emphasis added). Because the majority opinion in *Northcutt* is only a plurality holding on this issue, it is not binding precedent on this Court.

A close reading of the separate clauses contained in section 6-1103(10) demonstrates that it does not eliminate any standard of care for the duties set forth in subsections (1) through (9):

> Every ski area operator shall have the following duties with respect to their operation of a skiing area:
>
> . . . .
>
> (10) Not to intentionally or negligently cause injury to any person;
>
> - provided, that except for the duties of the operator set forth in subsections (1) through (9) of this section and in section 6-1104, Idaho Code,
> - the operator *shall have no duty to eliminate, alter, control or lessen the risks inherent in the sport of skiing*, which risks include, but are not limited to, those described in section 6-1106, Idaho Code; and,
> - that no activities undertaken by the operator *in an attempt to eliminate, alter, control or lessen such risks* shall be deemed to impose on the operator any duty to accomplish such activities to any standard of care.

5

*See* I.C. § 6-1103(10) (emphasis added). Rather, a close examination of the language demonstrates that the duties set forth in subsections (1) through (9) and the first clause in subsection (10) are the only duties imposed on operators in section 6-1103, and that ski operators owe no additional duty to eliminate, alter, control, or lessen the risks inherent in skiing. The last clause in subsection (10) simply explains that, to the extent a ski operator undertakes an additional duty (which they are not obligated to), there is no standard of care applicable *to the additional duty*.

The plain language of section 6-1103(10) differentiates between the duties enumerated in subsections (1) through (9) and any additional duty to "eliminate, alter, control[,] or lessen such risks[.]" It only eliminates a standard of care for any additional duty not set forth in subsections (1) through (9), which the ski operator voluntarily undertakes. Therefore, we hold that ski area operators are held to a standard of care when acting to fulfill the duties enumerated in section 6-1103(1) through (9).

The question now becomes what standard of care ski area operators are held to when acting to fulfill their enumerated duties under section 6-1103(1) through (9). "The second element of a negligence cause of action, that of breach of duty by the allegedly negligent party, requires measuring the party's conduct against that of an ordinarily prudent person acting under all the circumstances and conditions then existing. What circumstances and conditions existed is a factual question to be determined by the trier of fact." *Brooks v. Logan*, 127 Idaho 484, 490–91, 903 P.2d 73, 79–80 (1995) (citations omitted), *superseded by statute on other grounds as recognized in Stoddart v. Pocatello Sch. Dist. #25*, 149 Idaho 679, 239 P.3d 784 (2010). Therefore, we hold that ski area operators are held to the standard of an "ordinarily prudent person acting under all the circumstances and conditions then existing," *id.*, when complying with the duties enumerated in subsections (1) through (9).

**B. Whether the yellow padding surrounding Snow Gun 16 constitutes a "warning implement" under Idaho Code section 6-1103(2) is a question of fact for the jury.**

Having determined the applicable standard of care, we turn to the merits of Milus's appeal. Milus filed a wrongful death action alleging Sun Valley breached its duty arising under Idaho Code section 6-1103(2). That section requires that ski area operators mark snowmaking equipment located on ski slopes and trails with a visible sign or warning implement. I.C. § 6-1103(2).

Sun Valley concedes that it did not mark Snow Gun 16 with a visible sign. Sun Valley argues that the yellow padding that surrounded Snow Gun 16 constitutes a warning implement under Idaho Code section 6-1103(2). Milus argued that whether the yellow padding constituted a

warning implement was a question for the jury. The district court held that interpreting the phrase "warning implement" and whether it included the yellow padding was a question of statutory interpretation for the court and concluded that the yellow padding around Snow Gun 16 met the statutory requirement. We hold that the district court erred because the question of whether the yellow padding around Snow Gun 16 constitutes a warning implement is a question of fact for the jury.

The elements of a negligence action are "(1) a duty, recognized by law, requiring the defendant to conform to a certain standard of conduct; (2) a breach of that duty; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual loss or damage." *Black Canyon Racquetball Club, Inc. v. Idaho First Nat'l Bank, N.A.*, 119 Idaho 171, 175–76, 804 P.2d 900, 904–05 (1991). The district court treated the question of whether the yellow padding constitutes a warning implement as an issue of duty. "The existence of a duty is a question of law for this Court." *Harrigfeld v. Hancock*, 140 Idaho 134, 138, 90 P.3d 884, 888 (2004); *see Udy v. Custer County*, 136 Idaho 386, 389, 34 P.3d 1069, 1072 (2001).

However, whether the yellow padding effectively constitutes a "warning implement" is not an issue of duty, but rather one of breach. By enacting section 6-1103(2), the legislature imposed on Sun Valley a duty "[t]o mark with a visible sign or other warning implement the location of any hydrant or similar equipment used in snowmaking operations . . . ." In light of our holding that ski area operators are held to an "ordinarily prudent person" standard of care when performing the duties enumerated in subsections (1) through (9), it is a question of fact for the jury whether the yellow padding met the ordinarily prudent person standard of care to mark the gun with a visible sign or other warning implement. In this instance, breach is a question of fact for the jury. *See Stephens v. Stearns*, 106 Idaho 249, 256, 678 P.2d 41, 48 (1984) (holding that "it is a jury question as to whether [a] duty was breached"); *Freeman v. Juker*, 119 Idaho 555, 557, 808 P.2d 1300, 1302 (1991) (reversing the district court's grant of summary judgment because whether the highway district had breached its duty by not maintaining the runaway escape ramp was a disputed question of fact); *Thomson v. Idaho Ins. Agency, Inc.*, 126 Idaho 527, 530, 887 P.2d 1034, 1037 (1994) (concluding that summary judgment should have been denied solely because triable disputed factual issues existed whether a duty was breached).

"[I]f the evidence reveals no disputed issues of material fact, the trial court should grant the motion for summary judgment." *Duncan v. Long*, 167 Idaho 853, 856, 477 P.3d 907, 910

(2020). Sun Valley put forth an Incident Report describing the accident and an Incident Photo Log with pictures of the yellow padding on Snow Gun 16 as evidence that the yellow padding constituted a warning implement. Milus presented a declaration by a ski area safety expert that snowmaking equipment should not be placed in the middle of a beginner level trail such as Lower River Run. There is a genuine issue of material fact whether Sun Valley breached its duty under section 6-1103(2) by wrapping Snow Gun 16 with yellow padding, and this question should go to a jury. Therefore, the district court's grant of summary judgment is reversed.

**C. Idaho Code section 6-1103(6) imposes a duty on ski area operators to place a conspicuous notice at or near the top of the trail or slope when snowmaking equipment is placed on the ski run or slope.**

Milus claims Sun Valley also breached its duty under Idaho Code section 6-1103(6), which requires ski operators to place a "conspicuous notice" at or near the top of a ski trail or slope under certain circumstances:

> Every ski area operator shall have the following duties with respect to their operation of a skiing area:
> . . . .
> (6) To place, or cause to be placed, whenever snowgrooming or *snowmaking operations are being undertaken* upon any trail or slope while such trail or slope is open to the public, a conspicuous notice to that effect at or near the top of such trail or slope[.]

(Emphasis added.)

The district court held that the statutory language "snowmaking operations are being undertaken" is unambiguous and means "when snow is being made." The district court concluded that the purpose of subsection (6) is to warn skiers of changed snow conditions or reduced visibility due to active snowmaking operations. Because no snow was actively being discharged from Snow Gun 16 on the day of Mr. Milus's collision, the district court held that Sun Valley had no duty under section 6-1103(6) to place a notice at or near the top of the Lower River Run. Milus argues that the district court's interpretation is too narrow because snowmaking equipment is dangerous both when actively shooting snow and when not actively shooting snow if the snowmaking equipment is in the middle of a beginner ski run.

"Statutory interpretation is a question of law over which this Court exercises free review." *Est. of Stahl v. Idaho State Tax Comm'n*, 162 Idaho 558, 562, 401 P.3d 136, 140 (2017) (quoting *Carrillo v. Boise Tire Co.*, 152 Idaho 741, 748, 274 P.3d 1256, 1263 (2012)). "Statutory interpretation begins with the literal language of the statute. If the statutory language is

unambiguous, we need not engage in statutory construction and are free to apply the statute's plain meaning." *Nordgaarden v. Kiebert*, 171 Idaho 883, 890, 527 P.3d 486, 493 (2023) (alteration omitted) (quoting *Callies v. O'Neal*, 147 Idaho 841, 847, 216 P.3d 130, 136 (2009)). However, if the statutory language is ambiguous, this Court must "look to rules of construction for guidance and consider the reasonableness of proposed interpretations." *Id.* (quoting *City of Idaho Falls v. H-K Contractors, Inc.*, 163 Idaho 579, 582, 416 P.3d 951, 954 (2018)). "Statutory language is ambiguous where reasonable minds might differ or be uncertain as to its meaning." *Id.* (alteration omitted) (quoting *H-K Contractors, Inc.*, 163 Idaho at 582, 416 P.3d at 954).

The phrase "snowmaking operations are being undertaken" is ambiguous. The phrase "snowmaking operations" is broad and encompasses more than the discharge or production of snow. Interpreting subsection (6) as only applying when the snow was being actively discharged would effectively eliminate the word "operations" from the statute. But the statute does not impose the duty when "snowmaking is being undertaken," rather the duty applies when "snowmaking *operations* are being undertaken." When interpreting a statute, this Court has an obligation to give effect to all the words and provisions so that none are rendered superfluous. *Moser v. Rosauers Supermarkets, Inc.*, 165 Idaho 133, 136, 443 P.3d 147, 150 (2019).

We are persuaded by Milus's argument that subsection (6) creates a duty to warn skiers at the top of a ski slope or run of snowmaking equipment located further down the slope. Warning skiers of dangerous obstacles on the ski run or slope gives a skier the opportunity to choose a different ski run or to ski in a more cautious manner. The district court reasoned that this interpretation of section 6-1103(6) would be redundant because it would require two warnings for snowmaking equipment—one on the equipment itself, as required by subsection (2), and one at the top of the ski run, as required by our interpretation of subsection (6). This is not redundant— both warnings serve a purpose. Providing a warning at or near the top of the ski run or trail gives a skier the opportunity to choose a different ski run or to ski more cautiously, while a warning on or near the snowmaking equipment itself informs and warns the skier of the actual location of the snowmaking equipment on the ski run.

**D. There is a genuine issue of material fact whether Sun Valley placed a conspicuous notice at or near the top of the Lower River Run trail on the day of the accident.**

In light of our holding that the duty to place a notice at or near the top of the ski run or trail under section 6-1103(6) applies even when snow is not being actively discharged from

snowmaking equipment, the question now becomes whether there is a genuine issue of material fact as to whether Sun Valley complied with that duty.

In support of its motion for summary judgment, Sun Valley submitted evidence that it placed a sign that read "CAUTION SNOWMAKING IN PROGRESS" at what it claims was the top of the River Run lift on the day of the accident. Sun Valley also submitted a declaration by Peter Stearns, the Director of Mountain Operations of Sun Valley Ski Resort, stating that, at all times during the ski season, the CAUTION SNOWMAKING IN PROGRESS sign is posted at the top of each ski lift. Additionally, Sun Valley presented a photograph showing the sign located at what it claims is the unloading area of the Lower River Run lift and a ski trail map showing the location of the sign relative to the top of Lower River Run.

In opposition to the motion, Ms. Milus submitted a declaration stating she did not see the sign on the day the accident occurred. Milus argued that it was possible the sign had been knocked down on the day of the accident. Milus additionally argued that the picture of the sign presented by Sun Valley does not show that the sign was "at or near the top" of Lower River Run.

The district court concluded that Ms. Milus's statement that she did not personally observe a sign against Mr. Stearns's declaration that a sign was posted at the top of every ski lift all season at Sun Valley only created a scintilla of evidence that would not preclude summary judgment.

On appeal, Milus argues that the district court erred because the evidence submitted was sufficient to establish a genuine issue of material fact concerning whether Sun Valley breached its duty under section 6-1103(6). We agree with Milus and reverse the district court's grant of summary judgment on this claim.

For the reasons previously discussed, Sun Valley is held to the standard of care of an ordinarily prudent person when complying with subsection (6). We hold there is a genuine issue of material fact as to whether the "CAUTION SNOWMAKING IN PROGRESS" sign met the applicable standard of care. Sun Valley did not present sufficient evidence that its sign is at or near the top of the Lower River Run. The picture presented by Sun Valley shows the loading area of the Lookout Express lift, not the top of the Lower River Run. The trail map presented by Sun Valley does not show the location of the sign or an accurate distance between the River Run ski lift unloading area and the top of the Lower River Run. Moreover, Ms. Milus testified in her deposition that she did not see the sign on the day of the accident. As a result, there is a genuine

issue of material fact whether Sun Valley's sign complied with the requirements of subsection (6). We reverse the district court's grant of summary judgment on this issue.

**E.  There is a genuine issue of material fact whether Sun Valley may avail itself of the assumption of the risk defense provided in Idaho Code section 6-1106.**

Sun Valley argues that, under the plain language of Idaho Code section 6-1106, Mr. Milus expressly assumed the risk and legal responsibility of an injury that occurred from his participation in the sport of skiing at Sun Valley Ski Resort, including any injury caused by snowmaking equipment. In response, Milus argues that the issue is not appropriately before this Court because it was not sufficiently addressed by the district court. Because the district court determined that Sun Valley had no duty or had fulfilled its duties under section 6-1103(2) and (6), the district court did not rule on the applicability of Idaho Code section 6-1106.

However, the district court's failure to address the argument does not prevent us from considering it in this instance.

> Idaho formerly required an appealing party to obtain an adverse ruling on an issue to preserve the issue for appeal. However, we have now rejected the adverse ruling requirement in favor of a broader standard where "[i]t is not mandatory for a party-appellant to obtain an adverse ruling from the trial court to preserve an issue for appellate review, so long as the party's position on that issue was presented to the trial court with argument and authority and noticed for hearing."

*Rich v. Hepworth Holzer, LLP*, 172 Idaho 696, 703 n.4, 535 P.3d 1069, 1076 n.4 (2023) (internal citations omitted). Both parties presented their positions to the district court with argument and authority. Therefore, Sun Valley's assumption of risk argument was preserved for appeal. Additionally, because we apply the same standard as the district court on a motion for summary judgment, we can consider this argument in the first instance because "[w]e review a district court's grant of summary judgment de novo, and apply the same standard used by the district court in ruling on the motion." *Mattson v. Idaho Dep't of Health & Welfare*, 172 Idaho 66, 529 P.3d 731, 737 (2023) (quoting *Marek v. Hecla, Ltd.*, 161 Idaho 211, 214, 384 P.3d 975, 978 (2016)).

Sun Valley contends that, even if we reverse the district court's grant of summary judgment on its duties under section 6-1103, it is still entitled to summary judgment under section 6-1106, which describes the duties of skiers and provides that Mr. Milus expressly assumed the risk of injury resulting from skiing, and specifically the risk of injury from snowmaking equipment that was clearly marked in accordance with the provisions of section 6-1103:

11

*Each skier expressly assumes the risk of and legal responsibility for any injury to person or property that results from participation in the sport of skiing including any injury caused by the following, all whether above or below snow surface:* variations in terrain; any movement of snow including, but not limited to, slides, sloughs or avalanches; any depths of snow, including tree wells, or any accumulations of snow, whether natural or man made, including snowmaking mounds; freestyle terrain; surface or subsurface snow or ice conditions; bare spots, rocks, trees, other forms of forest growth or debris, lift towers and components thereof; utility poles, and *snowmaking and snowgrooming equipment which is plainly visible or plainly marked in accordance with the provisions of section 6-1103, Idaho Code.* Therefore, each skier shall have the sole individual responsibility for knowing the range of his own ability to negotiate any slope or trail, and it shall be the duty of each skier to ski within the limits of the skier's own ability, to maintain reasonable control of speed and course at all times while skiing, to heed all posted warnings, to ski only on a skiing area designated by the ski area operator and to refrain from acting in a manner which may cause or contribute to the injury of anyone.

I.C. § 6-1106 (emphasis added). Sun Valley argues that the plain language of section 6-1106 bars recovery by Milus as a matter of law because the snowmaking equipment that Mr. Milus collided with was plainly visible or plainly marked in accordance with Idaho Code section 6-1103.

For the reasons discussed previously in this opinion, there is a genuine issue of material fact concerning whether the snowmaking equipment was plainly visible or plainly marked in accordance with section 6-1103(2). Because the defense is only available if the equipment was marked in accordance with section 6-1103(2), a jury will have to determine whether the snowmaking equipment met the requirements of that section before Sun Valley may avail itself of this defense. Therefore, Sun Valley is not entitled to summary judgment under section 6-1106.

**F. Sun Valley is not entitled to attorney fees.**

Sun Valley requests attorney fees on appeal pursuant to Idaho Code section 12-121, which permits the prevailing party to recover its reasonable attorney fees if the Court finds that the nonprevailing party brought, defended, or pursued the case frivolously, unreasonably, or without foundation. However, Sun Valley is not the prevailing party on appeal and, therefore, is not entitled to an award of attorney fees under the statute.

## V.    CONCLUSION

We reverse the district court's grant of summary judgment in favor of Sun Valley and remand for further proceedings consistent with this opinion. As the prevailing party, Milus is awarded costs on appeal pursuant to Idaho Appellate Rule 40.

Chief Justice BEVAN, and Justices BRODY, STEGNER, and MOELLER CONCUR.