## IN THE SUPREME COURT OF THE STATE OF IDAHO

### Docket No. 50570

| | | |
|---|---|---|
| **CHRISTINE CORAY,** | ) | |
| | ) | |
| **Claimant-Appellant-Cross Respondent,** | ) | |
| | ) | |
| **v.** | ) | **Boise, May 2024 Term** |
| | ) | |
| **IDAHO REGIONAL HAND & UPPER EXTREMITY CENTER, PLLC, Employer; and IDAHO STATE INSURANCE FUND, Surety** | ) ) ) ) | **Opinion Filed: June 27, 2024**  **Melanie Gagnepain, Clerk** |
| | ) | |
| **Defendants-Respondents-Cross Appellants.** | ) ) | |
| _____ | ) | |

Appeal from the Idaho Industrial Commission.

The decision of the Idaho Industrial Commission is <u>affirmed</u>.

Monroe Law Office, Boise, for Appellant Christine Coray. Darin G. Monroe argued.

Anderson Julian & Hull, LLP, Boise, for Respondents. Matthew O. Pappas argued.

_____

BRODY, Justice.

This is an appeal from a declaratory ruling issued by the Idaho Industrial Commission ("the Commission") relating to the scheduling of an independent medical examination in a worker's compensation case. The declaratory ruling concerned an interpretation of Idaho Code section 72-433, which grants an employer the right to schedule an independent medical examination ("IME") for an employee who has been injured in a workplace accident and has filed a claim for benefits. After her physician recommended back surgery, Christine Coray submitted to an IME as requested by her employer and its surety. The employer and its surety denied liability for the surgery and ongoing benefits, contending that Coray had recovered from the workplace injury and that surgery was necessitated by preexisting conditions. After she underwent back surgery outside of the worker's compensation system, her employer subsequently requested she submit to a second IME,

to be performed by a different physician. Coray refused to attend the second IME and requested a declaratory ruling from the Commission on whether Idaho Code section 72-433 requires an employer to utilize the same physician to conduct multiple examinations of a single injury.

The Commission held that Idaho Code section 72-433 does not require an employer or surety to use only one physician to evaluate a discrete injury. However, the Commission also held that each request for an IME is subject to a reasonableness standard, and the burden of proof for establishing reasonableness falls on the employer. Coray appeals the Commission's interpretation of section 72-433, arguing the Commission's conclusion is contrary to the plain language of the statute. The employer and surety cross-appeal the Commission's conclusion that the employer or surety bears the burden of establishing the reasonableness of a second IME scheduled with a different physician. For the reasons expressed below, we affirm the Idaho Industrial Commission's decision.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

In December 2018, Christine Coray was injured when she slipped and fell on ice while exiting her car in the parking lot of her employer's place of business, Idaho Regional Hand & Upper Extremity Center. Coray suffered injuries to her left knee and left wrist, as well as a hand sprain and low back strain. Coray sought medical treatment and filed a claim for workers' compensation benefits, which were initially paid through the employer's surety, Idaho State Insurance Fund.

Over the next year-and-a-half, Coray continued to experience back pain and received a variety of treatments, including epidural steroid injections. However, she received little benefit from those treatments, and her physician, Dr. Steven Hansen, ultimately recommended fusion surgery. The employer requested Coray submit to an IME, pursuant to Idaho Code section 72-433, with Dr. Qing-Min Chen. Following the examination, Dr. Chen opined that as of March 4, 2019, Coray had completely recovered from all injuries related to the workplace accident with no permanent impairment; Coray's ongoing back pain, he opined, was due to pre-existing conditions and degenerative disease. Dr. Chen further opined that all prospective treatment, including fusion surgery, was not necessitated by the workplace accident, and Coray could return to work as a receptionist with no restrictions. Accordingly, the surety notified Coray that it would not authorize any further medications or treatment.

2

Coray eventually secured alternative funding for the fusion surgery and underwent the procedure in December 2021. Nine months later, in September 2022, Coray arranged an examination with Dr. James Bates to assess her current impairment level and apportion causation between the workplace accident and any other medical condition. Dr. Bates opined that Coray had a six percent whole person impairment from the workplace accident and did not apportion any impairment to a pre-existing condition. He also provided permanent workplace restrictions, including restrictions on lifting and other movement restrictions.

Following receipt of Dr. Bates's medical opinion, the employer attempted to schedule a second IME with Dr. Charles Timothy Floyd, an orthopedic surgeon Coray had not seen before. Coray objected and refused to attend the exam. The employer filed a motion with the Commission to compel Coray's attendance. In response, Coray submitted a petition for declaratory ruling, seeking an answer from the Commission as to whether Idaho Code section 72-433 requires each IME for a single injury to be conducted by the same physician.

The Commission issued an order concluding that "the plain language of Idaho Code [section] 72-433 does not require a surety to use one and only one physician for the evaluation of discrete injuries." The Commission determined that the statute was not ambiguous and "[i]n no way" could be read to require an employer "to use only one physician for a discrete injury." The Commission explained that the statute only requires that any employer-requested IME of an employee's injury be conducted by a physician "who is qualified to perform it." The Commission declined to rule on whether Coray would be required to submit to an examination by Dr. Floyd, reserving that issue for a later determination by the Referee. However, the Commission also determined that each IME is subject to a reasonableness standard; because Coray had refused to attend the second IME, the Commission held the burden will fall on the employer to prove before the Referee assigned to Coray's worker's compensation claim that its request for Coray to see Dr. Floyd is reasonable.

Coray timely appealed to this Court, challenging the Commission's interpretation of Idaho Code section 72-433. The employer cross-appealed the Commission's conclusion that it will have the burden of proof to establish that its request for Coray to submit to a second IME with Dr. Floyd is reasonable.

## II.    STANDARDS OF REVIEW

When reviewing a decision of the Idaho Industrial Commission, this Court "exercises free review over questions of law, but reviews questions of fact only to determine whether substantial and competent evidence supports the Commission's findings." *Moser v. Rosauers Supermarkets, Inc.*, 165 Idaho 133, 135, 443 P.3d 147, 149 (2019) (quoting *Lopez v. State*, 136 Idaho 174, 176-77, 30 P.3d 952, 954-55 (2001)). This Court exercises free review over the interpretation of statutes. *Id.*

## III.    ANALYSIS

### A.    The Commission did not err in concluding that the plain language of Idaho Code section 72-433 does not prohibit an employer or surety from using different physicians to perform multiple examinations of a single injury.

Coray contends that the Commission erred in concluding that Idaho Code section 72-433(1) does not prohibit an employer from using different physicians to perform repeat examinations of an injured worker's discrete injury. Coray argues that the statute is unambiguous, but the Commission's interpretation is contrary to its plain language, which "limits an employer to an examination by a single duly qualified physician or surgeon when there is a single injury at issue." We disagree.

"The interpretation of a statute must begin with the literal words of a statute; those words must be given their plain, usual, and ordinary meaning; and the statute must be construed as a whole." *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 893, 265 P.3d 502, 506 (2011) (internal quotation marks and citation omitted). "Provisions should not be read in isolation, but must be interpreted in the context of the entire document." *Nelson v. Evans*, 166 Idaho 815, 820, 464 P.3d 301, 306 (2020) (quoting *State v. Dunlap*, 155 Idaho 345, 361–62, 313 P.3d 1, 17–18 (2013)). The words contained in the statute are given their plain, usual, and ordinary meanings, and this Court will "give effect to all the words of the statute so that none will be void, superfluous, or redundant." *Id.* (quoting *Dunlap*, 155 Idaho at 361–62, 313 P.3d at 17–18). " If the statute is not ambiguous, this Court does not construe it, but simply follows the law as written." *Verska*, 151 Idaho at 893, 265 P.3d at 506 (citation omitted).

In this case, the meaning of the first sentence of Idaho Code Section 72-433 is in dispute. Section 72-433(1) grants an employer the right to request an IME of a worker after the employee has been injured in a workplace accident and has filed for benefits:

4

> After an injury or contraction of an occupational disease and during the period of disability the employee, if requested by the employer or ordered by the commission, shall submit himself for examination at reasonable times and places to a duly qualified physician or surgeon.

I.C. § 72-433(1).

Coray contends that the statute unambiguously prohibits an employer from scheduling multiple examinations of an employee's discrete injury with different physicians. She argues that the statute's singular use of the word "injury" and its singular use of "a duly qualified physician or surgeon" indicate that when there is a single injured body part at issue, an employer-requested examination of the injured employee must be conducted by a single, duly qualified physician. However, Coray concedes that multiple examinations by different physicians are permitted under the statute should an employee suffer injuries to multiple body parts. Coray also concedes that multiple examinations may be permitted under the statute for the same injured body part, but she argues all such examinations must be conducted by the same physician. Coray argues that to hold otherwise would encourage an employer or surety to engage in "doctor shopping" to obtain a medical opinion that justifies a denial of benefits.

The Commission rejected Coray's argument that the singular use of "physician or surgeon" means the same physician must conduct every employer-requested medical examination of an injured worker's discrete injury. The Commission explained that "[t]he purpose and focus of the statute is to afford an employer the right to have access to an injured worker to the end that employer may perform such medical examinations as it deems necessary to adjust or defend the claim." The Commission further explained that this right to require an employee to submit to such an examination is qualified by three specific phrases that appear in the statute: (1) "After an injury"; (2) "at reasonable times and places"; and (3) "to a duly qualified physician or surgeon." I.C. § 72-433(1). The final qualifier, "to a duly qualified physician or surgeon," the Commission concluded, does not refer to a *specific* physician, but simply means that whoever conducts the examination must be qualified to perform it. The Commission then concluded that Coray's interpretation "subverts a fair reading of the statute," statutory construction was not needed, and "nothing in [the] statute prevents an employer from using a different physician or physicians from exam to exam."

We agree with the Commission's conclusions. Section 72-433(1) of the Idaho Code is not ambiguous. A plain reading reveals that the statute has three primary provisions: (1) it grants an

5

employer the right to obtain an IME of an injured worker; (2) it ensures that all examinations be scheduled "at reasonable times and places," and (3) it ensures that any employer-requested examination is conducted by "a duly qualified physician or surgeon." I.C. § 72-433(1); *see also Moser v. Rosauers Supermarkets, Inc.*, 165 Idaho 133, 136-37, 443 P.3d 147, 150-51 (2019) (explaining that Idaho Code section 72-433 "allows an employer to investigate the validity of a claim [for workers' compensation benefits] when there has been no determination of whether the claim is compensable."). Nothing about the use of "a" in front of "physician," or the singular use of "physician" or "surgeon," suggests an employer is limited to using only *one specific* physician to conduct all IMEs. Indeed, under a plain reading of the statute, multiple physicians or surgeons could perform multiple examinations of an injured worker, so long as each IME is reasonably scheduled and conducted by "*a* duly qualified physician or surgeon." *Id.* (emphasis added). The phrase "a duly qualified physician or surgeon" is a baseline regulation on who may perform the IME; for example, it cannot be performed by a nurse or some other professional whose scope of practice does not include diagnostic or functional medical examinations. The Commission's interpretation of Idaho Code section 72-433 is consistent with the plain language.

To the extent that Coray raises valid concerns that employers will engage in "doctor shopping" to perfect a denial of an employee's legitimate claim for benefits, these concerns are addressed by the Commission's reading of Idaho Code sections 72-433 and 434 together to impose a reasonableness standard on all employer-requested IMEs. As explained below, we affirm this reading. Therefore, we conclude that the Commission did not err in declaring that the plain language in Idaho Code section 72-433 does not prohibit an employer or surety from using different physicians to perform multiple examinations of a single injury.

**B.      The Commission did not err in holding that the employer/surety has the burden of establishing the reasonableness of its requested IME under Idaho Code sections 72-433 and 434, including its choice of physician, if raised by the employee.**

The employer contends that the Commission erred when it concluded that the Referee assigned to Coray's worker's compensation claim will have to determine whether the employer "ha[s] met [its] burden of showing that it is reasonable to require [Coray] to submit to the proposed exam by Dr. Floyd." The employer argues that the only reasonableness standard contained in Idaho Code section 72-433 pertains to the scheduling of the examination—"at reasonable times and places"—but does not impose any overarching burden that an employer must prove the entire

examination, and specifically who performs it (so long as they are "duly qualified"), is also reasonable. We disagree.

In interpreting section 72-433 of the Idaho Code, we do not confine our analysis solely to subsection (1) and the phrase "at reasonable times and places[;]" instead, we examine the workers' compensation act as a whole to ascertain "the purpose and intent of the legislature and give full force and effect thereto." *Izaguirre v. R & L Carriers Shared Servs., LLC*, 155 Idaho 229, 234, 308 P.3d 929, 934 (2013) (quoting *George W. Watkins Family v. Messenger,* 118 Idaho 537, 539, 797 P.2d 1385, 1387 (1990), *abrogated on other grounds by Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 265 P.3d 502 (2011)). This Court "liberally construe[s] the provisions of the workers' compensation law in favor of the employee, in order to serve the humane purposes for which the law was promulgated." *Atkinson v. 2M Company, Inc.*, 164 Idaho 577, 580, 434 P.3d 181, 184 (2019) (citing *Murray-Donahue v. Nat'l Car Rental Licensee Ass'n*, 127 Idaho 337, 340, 900 P.2d 1348, 1351 (1995)). "The humane purposes which [the workers' compensation law] serves leave no room for narrow, technical construction." *Ogden v. Thompson*, 128 Idaho 87, 88, 910 P.2d 759, 760 (1996).

In imposing on the employer the burden of proving the reasonableness of its request for a second IME, as scheduled with Dr. Floyd, the Commission examined Idaho's workers' compensation law as a whole, and particularly Idaho Code section 72-434, to understand the rights and responsibilities of both parties with respect to an employer-requested IME and an employee's refusal to attend. Section 72-434 sets forth the consequences to an employee who unreasonably fails to attend an IME:

> If an injured employee unreasonably fails to submit to or in any way obstructs an examination by a physician or surgeon designated by the commission or the employer, the injured employee's right to take or prosecute any proceedings under this law shall be suspended until such failure or obstruction ceases, and no compensation shall be payable for the period during which such failure or obstruction continues.

I.C. § 72-434. The Commission noted that this Court had made it clear that this statute places the burden on the employer to prove that an injured worker's refusal to attend an IME is unreasonable in *Hewson v. Asker's Thrift Store*, 120 Idaho 164, 168, 814 P.2d 424, 428 (1991). The Commission also explained that it does not condone the practice of repeated examinations absent a showing of good cause:

The Commission does not condone the practice of repeated § 720-733(1) [sic] exams without a showing of good cause. Historically, where claimants in litigation have sought, by motion, to avoid an additional IME after one has occurred, referees have carefully considered that motion and the defendants' reasons for requesting another IME. Indeed, if surety used the practice of requiring repeated IMEs as a means to unreasonably delay or deny benefits, Idaho Code § 72-804 sanctions would apply.

*Niebhur v. Aapex Construction, Inc.*, 092211 IDWC, IC 2006-5113568 (Idaho Industrial Commission Decision, 2011).

Looking to the case at hand, the Commission then explained that Coray has refused to attend a second examination by a different physician and had raised a concern that the employer has changed physicians as a means "to perfect a blanket denial" of her claim, and the Commission noted the employer had not explained the reasoning for the change in its choice of physicians. The Commission concluded that, in light of the employer's request for an order to compel Coray's attendance at a second IME and Coray's challenge to that request, the employer will have the burden of proving the reasonableness of the second IME as scheduled, including its choice of Dr. Floyd as the attending physician, before the Referee.

The employer argues that the imposition of the burden on an employer to prove the reasonableness of its choice of Dr. Floyd in a second IME is inconsistent with the plain language of Idaho Code section 72-433. The employer argues that the only reasonableness standard imposed by section 72-433 is with regards to the time and place of the exam but does not include the employer's choice of physician. In support of this argument, the employer cites to *Moser v. Rosauers Supermarkets, Inc.*, 165 Idaho 133, 137, 443 P.3d 147, 151 (2019). However, the employer's reliance on *Moser* is misplaced.

In *Moser*, we held that an employee who had filed a claim for disability benefits was within a "period of disability" and was therefore required to attend an employer-requested IME. *Id*. We noted that by filing the claim for benefits, the employee was required to attend a medical examination "so long as it was at a 'reasonable time and place.'" *Id*. The employee in that case had "not attacked the 'reasonableness' of the medical exam" as scheduled with the employer's choice of physician; thus, the reasonableness of the exam was presumed. *Id.,* quoting I.C. § 72-433. The only issue on appeal was whether Moser was in her "period of disability." *Id*. In contrast, in this case, Coray has attacked the reasonableness of the employer scheduling a second IME with

8

Dr. Floyd by arguing that the second IME is a means for the employer to engage in "doctor shopping" to perfect a blanket denial of her claims.

Next, we are unpersuaded by the employer's contention that the reasonableness standard imposed by Idaho Code section 72-433 pertains only to the "times and places" of a scheduled examination. The employer's interpretation is too narrow a reading that is not supported by workers' compensation law as a whole. Two reasons support this conclusion. First, an examination is not held at a "reasonable time or place" if it is not reasonable for it to be held *at all*. Second, the employer's narrow reading of section 72-433(1) ignores Idaho Code section 72-434 and this Court's holding in *Hewson v. Asker's Thrift Shop*, 120 Idaho 164, 815 P.2d 424 (1991).

In *Hewson*, we held that Idaho Code section 72-734 "puts the burden on the employer or surety to prove that the employee has unreasonably refused or obstructed the examination." *Hewson*, 120 Idaho at 168, 814 P.2d at 428. *Hewson* concerned an employee's refusal to submit to an examination after the surety had informed the attending physician that the employee could not tape record the visit. *Id*. at 165, 814 P.2d at 425. As a result of the employee's refusal, the surety determined she had obstructed the evaluation of her injury and terminated her workers' compensation benefits pursuant to section 72-734. *Id*. The Commission upheld the surety's termination of the employee's benefits, concluding that, "before any tape recording would be allowed during a medical examination the employee must file a motion with the Commission which will only grant it 'for good cause shown.' " *Id*. at 168, 814 P.2d at 428. However, we reversed the Commission's termination of benefits on appeal, holding that the tape recording was not an unreasonable obstruction of the examination, and more importantly here, the Commission erred by improperly placing the burden on the employee to prove she did not unreasonably obstruct the examination. *Id*. at 168, 814 P.2d at 428.

In this case, Coray has refused to attend the second IME scheduled with Dr. Floyd; accordingly, the employer has the burden of establishing that her refusal to attend is unreasonable under section 72-434. Section 72-434 grants employers the right to request two consequences to an employee who unreasonably obstructs or refuses to attend an IME: suspension of the employee's "right to take or prosecute any proceedings," and termination of any workers' compensation during the time period in which the employee was unreasonably refusing attendance or obstructing the examination. A prerequisite for proving that an employee has *unreasonably refused* to attend an IME includes proving that the exam, as scheduled, is *reasonable*.

9

Although the employer here did not request a sanction under section 72-434 for Coray's refusal to attend the second IME, the employer did file a motion with the Commission to compel her attendance. Because an employer bears the burden of proving the reasonableness of its requested IME pursuant to section 72-434, it follows that an employer also bears the burden of proving the exam's reasonableness under section 72-433 in a motion to compel attendance if the employee objects to the exam's reasonableness. Reading section 72-433 and section 72-434 together to place the burden on the employer to prove the reasonableness of its requested IME protects the employee against multiple unwarranted (and potentially intrusive) examinations. "[T]he legislative intent of I.C. § 72-433 is to protect an employee compelled to undergo medical examination by physicians whom he or she did not select against potential intrusive questions and techniques." *Hewson*, 120 Idaho at 175, 814 P.2d at 427. This purpose would not be given effect if the Commission were to grant an employer's motion to compel attendance at an IME, without considering an employee's objection to the reasonableness of the exam, simply because the employer did not seek a suspension of the worker's compensation proceedings under section 72-434. This is precisely why the Commission has adopted its "good cause shown" standard before ordering an employee's attendance at a second employer-requested examination.

Accordingly, we affirm the Commission's declaratory ruling that the employer will bear the burden of proving the reasonableness of its requested second IME, including the reasonableness of scheduling the exam with Dr. Floyd.

## IV.    CONCLUSION

For the foregoing reasons, the Commission's declaratory ruling is affirmed.


Chief Justice BEVAN, and Justices MOELLER, ZAHN, and MEYER CONCUR.

10